**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:14-cv-91**

| | |
|---|---|
| **KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,**<br><br>      **Plaintiff,**<br><br>  vs.<br><br>**TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;**<br><br>      **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER SETTING INITIAL CONFERENCE**

  On December 19, 2013, this Court gave leave to Kenneth D. Bell, the court-appointed Receiver for Rex Venture Group, LLC (the "Receiver") to file the above captioned action. In seeking leave to file the action, the Receiver requested that the Court take note of the number of parties and potential complexity of the action and enter an order requiring the parties to take steps early in the process to promote efficiency and judicial economy.

  After reviewing the Complaint and considering the number of parties and the inclusion of a putative defendant class action, the Court finds that this case may merit special attention as complex litigation. Therefore, in the interests of the thoughtful administration of justice, the court ORDERS as follows:

1. *Initial Conference*. All parties shall appear for a conference with the undersigned on **April 14, 2014, at 2:00 p.m. in Courtroom # 3 at the United States District Court in Charlotte, North Carolina.**

    (a) *Attendance*. To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests may agree (and are encouraged to agree) to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

    (b) *Service*. The Receiver is directed to serve a copy of this Order on any counsel who appears in this action within 5 days of that counsel's appearance or similarly on any counsel who he learns intends to appear in the action.

2. *Purposes*. The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).

3. *Preparations for Conference*

    (a) *Initial Conference of Counsel*. Before the conference, counsel shall confer and seek consensus to the extent possible with respect to a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for amendment of pleadings, consideration of any class action allegations, motions, and trial.

    (b) *Preliminary Reports*. Counsel will submit to the court no less than 5 days prior to the conference a proposed discovery plan and a suggested schedule as discussed above. In addition, the plan and/or schedule should identify any expected motions (pursuant to Rule 12 or otherwise) or other matters that the parties expect will require a ruling by the Court in the initial stages of the litigation.

    (d) *List of Affiliated Companies and Counsel*. To assist the court in identifying any problems of recusal or disqualification, counsel will submit to the court no less than 5 days prior to the conference a list of all companies affiliated with the parties and all counsel associated in the litigation.

4. *Interim Measures*. Until otherwise ordered by the court:

    (a) *Admission of Counsel*. Counsel, whether or not admitted in this District, shall file a Notice of Appearance, including any applicable *pro hac vice* motion, as soon as practicable, but in any event no less than 10 days prior to the Initial Conference.

    (b) *Pleadings*. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the Initial Conference.

(c) *Discovery*. Pending the conference, no discovery shall be initiated and no party is required to make disclosures pursuant to Rule 26. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition; (3) prevent a party from voluntarily making disclosures; or (4) authorize a party to suspend its efforts in gathering information that is expected to be needed to respond to a request under Rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) *Preservation of Records*.

(i) All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel is under an obligation to exercise reasonable efforts to identify and notify such nonparties, including employees of corporate or institutional parties.

(ii) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(iii) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

(iv) If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of such materials, the party must, to the extent practicable for the pendency of this order:

       (1) halt such business processes;
       (2) sequester or remove such material from the business process; or
       (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

(e) *Motions*. Prior to the Initial Conference no motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

5. *Ongoing Duties of the Receiver*. The stay of discovery in Paragraph 4(c) shall in no way effect or hinder the Receiver's right to subpoena records, conduct depositions, or otherwise fulfill his court-appointed obligations in the related matter of Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks, No. 3:12CV519 (W.D.N.C., filed Aug. 17, 2012).

Signed: March 6, 2014

Graham C. Mullen
United States District Judge