IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV91

KENNETH D. BELL, in his capacity as a     )
court-appointed Receiver for Rex Venture Group,     )
LLC d/b/a ZeekRewards.com,     )
    )
    Plaintiff,     )
    )
v.     )
    )     ORDER
    )
TODD DISNER, in his individual capacity and in his     )
Capacity as trustee for Kestrel Spendthrift Trust; TRUDY     )
GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; )
DARREN MILLER; RHONDA GATES; DAVID     )
SORRELLS; INNOVATION MARKETING, LLC;     )
AARON ANDREWS; SHARA ANDREWS; GLOBAL     )
INTERNET FORMULA, INC; T. LEMONT SILVER;     )
KAREN SILVER; MICHAEL VAN LEEUWEN;     )
DURANT BROCKETT; DAVID KETTNER; MARY     )
KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC;     )
LORI JEAN WEBBER; and a Defendant Class of Net     )
Winners in ZEEKREWARDS.COM,     )
    )
    Defendants.     )
_____)

      This matter is before the Court upon the Receiver's Motion for Default Judgment

by Clerk of Court as to Defendant Todd Disner (Doc. No. 45), Disner's Motion to Set

Aside Default (Doc. No. 49), and Disner's Motion to Strike (Doc. No. 55). These

motions have been briefed and are ripe for disposition.

      Defendant Disner was personally served with the Summons and Complaint by

means of a process server on April 16, 2014. (Doc. No. 41-1). Disner does not dispute

the date and manner of this service. On June 10, 2014, Disner filed with the Court a

"Notice of Appearance" providing notice to the Court and parties that he was appearing

*pro se* on behalf of himself and the Kestrel Spendthrift Trust. (Doc. No. 18). This notice is dated May 21, 2014 but was not mailed until two weeks later, on June 5, 2014, as indicated in the postmark on the envelope enclosing the notice. (Doc. No. 18-1). Disner filed nothing further with this Court, nor did he contact the Receiver. As a result, after the extended June 30, 2014 deadline for filing an answer had passed, the Receiver filed a Motion for Entry of Default against Disner on July 2, 2014, citing his failure to plead or otherwise defend the lawsuit. (Doc. No. 41). The Clerk of Court entered default against Disner on July 3, 2014. (Doc. No. 44). On July 8, 2014, the Receiver filed a Motion for Default Judgment, which requests that the Clerk of Court enter judgment against Disner pursuant to Rule 55(b)(1) for the sum certain amount of $2,079,757.88. Disner then filed his *pro se* Motion to Set Aside Default, and a Motion to Strike the affidavit filed by the Receiver in support of the Motion for Default Judgment.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default only "for good cause." While this standard should be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," courts must ensure that the moving party satisfies two requirements and must also consider several other factors before setting aside an entry of default. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Lolatchy v. Arthur Murray, Inc.*, 816 F .2d 951, 954 (4th Cir. 1987). First, the movant must act with reasonable promptness and allege a meritorious defense in order for the court to set aside a default. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (citation omitted). In addition, a court considering a motion to set aside default must consider the "the personal responsibility of the party, the prejudice to the party, whether there is a

history of dilatory action, and the availability of sanctions less drastic." *Lolatchy*, 816 F.2d at 953.

The Court finds that Disner has failed to act with reasonable promptness. He was personally served with the Summons and Complaint three months before he finally filed a substantive document in this lawsuit, which was a request to set aside the default. Moreover, it is clear that he had notice of the action and claims against him and the knowledge to act on his own behalf because he filed a Notice of Appearance to appear *pro se* nearly a month before the answer was due. Disner states that he "had not received any responsive pleadings from any of his co-Defendants" as an excuse for his failure to file an answer. (Doc. No. 49 at 2). He further suggests in a general fashion that he was seeking to obtain counsel. However, Disner never contacted the Court or the Receiver to request additional time. His assertions fall short of excusing his failure to act with reasonable promptness.

Furthermore, Disner fails to assert a meritorious defense. He does nothing more that state in a conclusory fashion that he "believes that he has a valid defense to the Plaintiff's complaint . . . ." (Doc. No. 49 at 3, ¶ 8). This vague statement falls well short of asserting a meritorious defense. *See Consolidated Masonry*, 383 F.2d at 251.

Disner is personally responsible for his failure to plead. He has had previous experience with Ponzi scheme litigation and filed a twenty-nine page *pro se* Complaint for Declaratory Relief against the federal government in late 2011 claiming wrongful seizure of his Ponzi scheme winnings in another Ponzi scheme. *See Disner et al. v. United States et al.*, No. 1:12cv01302 (D.D.C. filed Nov. 7, 2011). Also, Disner sought *pro se* to intervene in a federal lawsuit where he claimed the funds were "wrongfully

confiscated" by the federal government. *See United States v. 8 Gilcrest Lane, Quincy Florida 32351, et al*., No. 1:08-cv-01345 (D.D.C. filed Aug. 26, 2009). Any excuse Disner may assert of ignorance of the need to file an answer or seek extra time to do so is simply not credible in light of his extensive history of active litigation in Ponzi schemes.

The Court further finds that the Receiver will be prejudiced if delay is allowed. Taking into account the highly complex nature of this case and the multiple parties involved, the Court allowed the Defendants a lengthy several month period to answer the Complaint, but made it clear that the case then needed to move forward on a specific track in the interests of efficiency and clarity. To allow a single, unresponsive Defendant to proceed on a different track than the rest of the Defendants, or to delay the entire proceeding as to all parties due to Mr. Disner's dilatory filings, would cause additional costs and burdens upon the Receivership Estate, including increased legal fees.

The government has brought to the Court's attention Disner's previous dilatory action in other litigation. In the case he filed against the United States, the government filed a motion to dismiss on May 18, 2012. Disner failed to provide any response to the motion to dismiss, and the court was forced to order Disner to respond. *See Disner et al. v. United States et al.*, No. 1:12cv01302 (D.D.C. filed June 8, 2012). In light of his litigation history, Mr. Disner was aware of the severe consequences of a failure to plead or defend. Despite this knowledge, he nonetheless failed to raise a hand until after default had been entered in this matter.

Moreover, the Court finds there is no sanction less drastic that would adequately address Mr. Disner's lack of good cause for failing to defend. No lesser sanction would overcome the prejudice to the Receiver if a delay were granted, and it would not

overcome Disner's failure to assert a meritorious defense and his personal responsibility for the dilatory behavior that led to his default.

The Court finds that Disner's Motion to Strike the Receiver's affidavit in support of the Motion for Default Judgment is likewise without merit. In this motion, Disner generally disputes the Receiver's well-supported calculations of his net winnings, but fails to state specifically why he thinks the calculations submitted are inaccurate or by how much he disputes the calculation. These vague and conclusory statements fall far short of refuting the Receiver's Motion for Default Judgment and provide no basis for striking the Receiver's affidavit.

IT IS THEREFORE ORDERED that Disner's Motion to Set Aside Default (Doc. No. 49), and Disner's Motion to Strike (Doc. No. 55) are hereby DENIED, and

IT IS FURTHER ORDERED that the Clerk is directed to enter default judgment against Defendant Todd Disner pursuant to Federal Rule of Civil Procedure 55(b)(1).


Signed:  December  17,

Graham C. Mullen
United States District Judge