| | | |
|---|---|---|
| KENNETH D. BELL, in his capacity as a<br>court-appointed Receiver for Rex Venture Group,<br>LLC d/b/a ZeekRewards.com,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TODD DISNER, in his individual capacity and in his<br>Capacity as trustee for Kestrel Spendthrift Trust; TRUDY<br>GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER;<br>DARREN MILLER; RHONDA GATES; DAVID<br>SORRELLS; INNOVATION MARKETING, LLC;<br>AARON ANDREWS; SHARA ANDREWS; GLOBAL<br>INTERNET FORMULA, INC; T. LEMONT SILVER;<br>KAREN SILVER; MICHAEL VAN LEEUWEN;<br>DURANT BROCKETT; DAVID KETTNER; MARY<br>KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC;<br>LORI JEAN WEBBER; and a Defendant Class of Net<br>Winners in ZEEKREWARDS.COM,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter is before the Court upon the Receiver's Motion for Default Judgment by Clerk of Court as to Defendant David Sorrells (Doc. No. 46), and Sorrells' "Verified Motion to Strike Plaintiffs' Affidavit and Objection to their Motion Requesting the Entry of a Default Judgment" (Doc. No. 57). These motions have been briefed and are ripe for disposition.

Defendant Sorrells was personally served with the Summons and Complaint by means of a process server on May 14, 2014. (Doc. No. 41-1). Mr. Sorrells does not dispute the date and manner of this service. After the extended June 30, 2014 deadline

for filing an answer had passed with no filing by Mr. Sorrells, the Receiver filed a Motion for Entry of Default against Sorrells on July 2, 2014, citing his failure to plead or otherwise defend the lawsuit. (Doc. No. 39). The Clerk of Court entered default against Sorrells on July 3, 2014. (Doc. No. 42). On July 9, 2014, the Receiver filed a Motion for Default Judgment, which requests that the Clerk of Court enter judgment against Sorrells pursuant to Federal Rule of Civil Procedure 55(b)(1) for the sum certain amount of $1,197,241.12. Two weeks later Sorrells filed his *pro se* response and affidavit in opposition to the Receiver's motion. His brief appears to be a copy of a filing made by another litigant, Todd Disner.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default only "for good cause." While this standard should be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," courts must ensure that the moving party satisfies two requirements and must also consider several other factors before setting aside an entry of default. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). First, the movant must act with reasonable promptness and allege a meritorious defense in order for the court to set aside a default. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (citation omitted). In addition, a court considering a motion to set aside default must consider the "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy*, 816 F.2d at 953.

The Court finds that Mr. Sorrells has failed to act with reasonable promptness. He was personally served with the Summons and Complaint nearly three months before he finally filed a document in this lawsuit, which came after both the entry of default and the Receiver's Motion for Default Judgment. Moreover, Mr. Sorrells provides no justification whatsoever for his delay. Instead, he simply objects to the Receiver's calculation of his net winnings, without providing the amount he contends that he won or any evidentiary basis to refute the Receiver's records.

Furthermore, Mr. Sorrells fails to assert a meritorious defense. He does nothing more than allege that the Receiver's calculation of net winnings is incorrect, that the affidavit does not contain sufficient detail regarding the records of payments from RVG to Sorells, and that he was paid under a business agreement for activities that were "designed to drive income into Zeek Rewards." (Doc. No. 57 at 2). These vague statements fall well short of asserting a meritorious defense. *See Consolidated Masonry*, 383 F.2d at 251.

Mr. Sorrells is personally responsible for his failure to plead. In the related SEC action (*SEC v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, No. 3-12-cv-519 (W.D.N.C. filed Aug. 17, 2012) ("SEC Action"), Sorrells, along with two other named defendants in this action, filed two significant motions challenging the Receiver's activities. First, Sorrells and his co-movants filed a Motion to Appoint Attorney ad Litem / Examiner for Affiliates. SEC Action, Doc. No. 77 (filed Nov. 30, 2012). In addition, Sorrells and his co-movants filed a Motion for an Order Requiring Release of Frozen Third-Party Assets. SEC Action, Doc. No. 80 (filed Dec. 11, 2012). This Court denied both of these motions. With enough know-how to hire an attorney to

intervene in the SEC Action, Sorrells cannot claim ignorance regarding the legal process. Nor can he credibly claim that this lawsuit and the clear order in the Summons requiring him to file an answer somehow caught him off guard.

The Court further finds that the Receiver will be prejudiced if delay is allowed. Taking into account the highly complex nature of this case and the multiple parties involved, the Court allowed the Defendants a lengthy several month period to answer the Complaint, but made it clear that the case then needed to move forward on a specific track in the interests of efficiency and clarity. To allow a single, unresponsive Defendant to proceed on a different track than the rest of the Defendants, or to delay the entire proceeding as to all parties due to Mr. Sorrells' dilatory filings, would cause additional costs and burdens upon the Receivership Estate, including increased legal fees.

Moreover, the Court finds there is no sanction less drastic that would adequately address Mr. Sorrells' lack of good cause for failing to defend. No lesser sanction would overcome the prejudice to the Receiver if a delay were granted, and it would not overcome Sorrells' failure to assert a meritorious defense and his personal responsibility for the inaction that led to his default.

The Court finds that Sorrells' Motion to Strike the Receiver's affidavit in support of the Motion for Default Judgment is likewise without merit. In this motion, Sorrells generally disputes the Receiver's well-supported calculations of his net winnings, but fails to provide facts that refute the Receiver's assertions. There is no basis for striking the affidavit.

IT IS THEREFORE ORDERED that Sorrells' "Verified Motion to Strike Plaintiffs' Affidavit and Objection to their Motion Requesting the Entry of a Default Judgment (Doc. No. 57) is hereby DENIED, and

IT IS FURTHER ORDERED that the Clerk is directed to enter default judgment against Defendant David Sorrells pursuant to Federal Rule of Civil Procedure 55(b)(1).

Signed:   December   18,

Graham C. Mullen
United States District Judge