IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV91

KENNETH D. BELL, in his capacity as a )
court-appointed Receiver for Rex Venture Group, )
LLC d/b/a ZeekRewards.com, )
                                               )
     Plaintiff, )
                                               )
v. )
                                             )     ORDER
                                             )
TODD DISNER, in his individual capacity and in his )
Capacity as trustee for Kestrel Spendthrift Trust; TRUDY )
GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; )
DARREN MILLER; RHONDA GATES; DAVID )
SORRELLS; INNOVATION MARKETING, LLC; )
AARON ANDREWS; SHARA ANDREWS; GLOBAL )
INTERNET FORMULA, INC; T. LEMONT SILVER; )
KAREN SILVER; MICHAEL VAN LEEUWEN; )
DURANT BROCKETT; DAVID KETTNER; MARY )
KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; )
LORI JEAN WEBBER; and a Defendant Class of Net )
Winners in ZEEKREWARDS.COM, )
                                               )
     Defendants. )
_____)

     This matter is before the Court upon the Receiver's Consolidated Motion to

Dismiss Defendants' Counterclaims. (Doc. No. 59).  Defendants have responded, the

Receiver has filed a Reply, and this matter is now ripe for disposition.

     Defendants Gilmond, Trudy Gilmond, LLC, and Napier assert counterclaims for

breach of contract and setoff; Defendant Miller asserts counterclaims for breach of

contract, tortious interference, conversion, and setoff; and Defendants Aaron Andrews,

Shara Andrews, Innovation Marketing LLC, Brockett, and Gates assert identical versions

of counterclaims for breach of contract, tortious interference, money had and received, 42 U.S.C. § 1983, and unfair trade practices. The Receiver has moved to dismiss all counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

The Court will first address the breach of contract counterclaims. Defendants' breach of contract claims allege that they had enforceable contracts with RVG pursuant to which they performed services for RVG. They claim that RVG owed them money when the Receiver was appointed, and that the Receiver is liable for RVG's failure to pay them under the purported contracts.

On May 8, 2013, the Court issued an Order (the "Claims Order") in the SEC Action[1] (1) approving the claims process, (2) setting the bar date, and (3) approving notice procedures.[2] Pursuant to the Claims Order:

> The term Claim means any (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

(SEC Action, Doc. No. 144-1). Defendants' breach of contract claims fall squarely within the definition of a Claim pursuant to the Claims Order, as they assert a "right to payment" for purported services they rendered under an alleged contract with RVG. The Claims Order set a Bar Date of September 5, 2013, after which the holders of any

---

[1] The SEC Action refers to the related SEC enforcement action, *SEC v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, 3:12CV519.

[2] In determining a motion to dismiss, the Court may take judicial notice of matters of public record. *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Claims not submitted are "barred from asserting such claims against the Receivership Defendant and/or receiving distributions from the Receivership Defendant on account of such claims." (SEC Action, Doc. No. 144 at 2). None of the Defendants filed a Claim with the Receiver requesting any money owed under any alleged contract with RVG. Any breach of contract claim is therefore barred.

Moreover, some or all of these claims concern funds that the Court has already determined are Receivership Property, not the property of any Defendant. Defendants Aaron Andrews, Shara Andrews, Innovation Marketing, Brockett, and Gates all allege: "The Receiver, acting as RVG, and by confiscating the funds in [Defendants'] RVG NxPay® account, has failed and refused to pay [Defendants] for the services that [Defendants] performed." *See, e.g.*, (Doc. No. 22 at 62, ¶ 28). However, in the SEC Action this Court ruled that "NxPay® properly froze the accounts and the funds determined to be RVG funds must be returned to the Receiver pursuant to the Agreed Order." (SEC Action, Doc. No. 146 at 3). As the Court made clear, "the Court Orders the RVG funds being held by NxPay® to be turned over to the Receiver." *Id.* at 4. Defendants' breach of contract claim is an improper attempt to re-litigate an issue already decided by this Court in the SEC Action.[3]

Defendants Aaron Andrews, Shara Andrews, Innovation Marketing, Brockett, and Gates all assert identical counterclaims for tortious interference (with contract). Defendants allege that they each had a contract with NxPay, and that the Receiver somehow "interfered" with that contract by accepting the funds that NXPay turned over to the Receivership pursuant to this Court's Order. (SEC Action, Doc. No. 146). The

---

[3] To the extent that Defendants rely upon an argument that the Court lacks subject matter jurisdiction in the SEC Action and in this clawback action, that argument has already been considered and rejected by the Court in its Order of December 9, 2014 denying the Defendants' Motions to Dismiss.

Receiver, however, cannot be liable for tortious interference simply by doing his job as Receiver as ordered and authorized by this Court. As an appointee of this Court, the Receiver is immune from the counterclaims asserted by Defendants challenging actions he has taken during his appointment as the Receiver. *See In re Bernard L. Madoff Inv. Securities LLC*, 440 B.R. 282, 290–93 (Bankr. S.D.N.Y. 2010) (holding trustee immune from suit for acts taken in good faith in discharging court-appointed duties); *Property Mgmt. & Investments, Inc. v. Lewis*, 752 F.2d 599, 603 (11th Cir. 1985) (holding receiver entitled to judicial immunity despite allegedly having "maliciously and deliberately releas[ed] news reports to the media . . . that were false and defamatory."); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981) (holding court-appointed trustee entitled to immunity in tort actions based on actions taken while serving as trustee, regardless of error or malice, because he "was acting under the supervision and subject to the orders of the bankruptcy judge . . . [acted] as an arm of the Court, [and] sought and obtained court approval of his actions.") (per curiam).

Defendants Innovation Marketing, Aaron Andrews, Shara Andrews, Brockett, and Gates next seek to hold the Receiver liable under the common law claim "Money Had and Received," contending that the Receiver is in possession of funds of which Defendants are the rightful owners. An action for money had and received "allows a plaintiff to maintain an equitable action to recover a payment mistakenly made to the defendant on the theory that by such payment the recipient has been unjustly enriched at the expense of the party making the payment." *Primerica Life Ins. Co. v. James Massengill & Sons Const. Co.*, 712 S.E.2d 670, 677 (N.C. Ct. App. 2011) (internal quotation marks omitted). The crucial issue in this type of action is whether the

defendant has the right to retain the money. *See Allgood v. Wilmington Sav. & Trust Co.*, 88 S.E.2d 825, 829 (N.C. 1955) (internal citations and quotation marks omitted). Again, this question has already been answered by the Court. The Court has already determined that the funds at issue do not belong to the Defendants. (SEC Action, Doc. No. 146). A claim for money had and received may not be plausibly asserted for funds that a court has already ordered are the rightful property of the party holding the funds. Accordingly, this claim fails.

Defendants Innovation Marketing, LLC, Aaron Andrews, Shara Andrews, Brockett, and Gates next seek damages for an alleged violation of their constitutional rights pursuant to 42 U.S.C. § 1983 or, alternatively, under a common law claim for violation of their rights under the Fourth Amendment to the United States Constitution. Defendants contend that the Receiver violated their constitutional rights by confiscating the funds in their RVG NxPay accounts "without any adequate process to determine the true ownership of the funds," thereby depriving Defendants of the "value, use and benefit" thereof. (Doc Nos. 27 at 28; 22 at 64; and 32 at 26- 27).

First, the Receiver is a court-appointed officer and accordingly, cannot be held liable under § 1983 as a matter of law for "carrying out the orders of his appointing judge." *T & W Inv. Co., Inc. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978). Courts have reasoned that receivers, as court officials or "quasi- judicial officers," are entitled to the same immunity awarded to other court officials to the extent they are simply carrying out the orders of their appointing judge. *Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989). Despite Defendants' allegation that the Receiver wrongfully "confiscated" the funds at issue, the Receiver took possession of these funds

only pursuant to the Court's Order that such funds be turned over to the Receiver. Because Defendants do not allege the Receiver was acting outside his court-appointed authority in taking possession of the NxPay funds, their claim under § 1983 fails as a matter of law.

Moreover, a claim under 42 U.S.C. § 1983 requires that the defendant act under color of state law. "Federal officials who act pursuant to federal law do not act under color of state law, but rather under color of federal law." MARTIN A. SCHWARTZ, SECTION 1983 LITIGATION § 5.07 (4th ed. Supp. 2012). The Receiver's authority in this matter and any action he may have taken as to the funds at issue arises solely through his appointment by this federal court in the Agreed Order. The Receiver simply derives no authority or power from any State or Territory, a fact which renders the § 1983 claim inapplicable.

In their final counterclaim, Defendants Innovation Marketing, Aaron Andrews, Shara Andrews, Brockett, and Gates seek to hold the Receiver liable under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). N.C. Gen. Stat. § 75-1.1. To recover under the UDTPA, a party must establish the following: "(1) the defendant engaged in conduct that was in or affecting commerce, (2) the conduct was unfair or had the capacity or tendency to deceive, and (3) the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164 (4th Cir. 2012), as amended (May 9, 2012) (internal quotation marks omitted). In addition to the fact that the Receiver is immune from this claim as described above, Defendants fail to allege sufficient facts of deceptive conduct by the Receiver. While Defendants describe the Receiver's conduct

with a variety of disparaging adjectives, including "illegal, offends public policy and is immoral, unethical, oppressive, unscrupulous, and deceptive," such allegations are conclusory and speculative and are therefore insufficient to withstand a motion to dismiss. Defendants have identified no representations, omissions or deceptive or misleading acts by the Receiver that affected commerce and caused them harm.

Defendant Miller asserts a counterclaim for conversion in his Amended Complaint. (Doc. No. 53 at 40–41). This counterclaim must be dismissed for the same reason the "money had and received" claim is dismissed: Miller never owned the funds at issue. North Carolina's common law claim of conversion requires a "wrongful deprivation of [the property] to the owner." *Lake Mary L.P. v. Johnston*, 551 S.E.2d 546, 552 (N.C. Ct. App. 2001) (quoting *Gallimore v. Sink*, 218 S.E.2d 181, 183 (1975). Miller's counterclaim for conversion fails because he did not own the funds he claims were converted by the Receiver. Rather, this Court ruled that RVG owned the funds it had placed in Affiliates' NxPay accounts and which had not been withdrawn prior to the Freeze Order. As a result, because Miller was not the owner of the funds he claims were converted, his claim for conversion must be dismissed.

Defendants Gilmond, Gilmond LLC, Miller and Napier claim they are entitled to a setoff for (1) amounts they paid to RVG to purchase bids and participate in the Affiliate program; (2) the amount of the costs and expenses they incurred as a Zeek Affiliate; (3) the reasonable value of their time in performing or operating as a Zeek Affiliate; and (4) the amount of taxes they paid on income they received as a Zeek Affiliate.

This claim fails for several reasons. First, the Complaint in this matter is clear that the Receiver is seeking Defendants' net winnings, which are by definition the

amount they received from RVG less the amount they paid in to RVG. The dollar amount provided in the Complaint as to each named Defendant represents that Defendant's net winnings, and so the Receiver has already set off the amount these Defendants paid in to RVG. There is nothing further to set off in this regard. Second, as to the Defendants' purported costs and expenses and the reasonable value of their time for performing as a Zeek Affiliate, these requests for payment needed to be filed with the Receiver in the Claims Process, as discussed above. Since they were not, and the Bar Date has passed, these items may not be included in a setoff as a matter of law. Finally, as to the amount of taxes the Defendants paid on their Zeek net winnings, whatever taxes are properly owed to the IRS are a matter between the IRS and the Defendants – they are not a proper counterclaim or setoff against the Receiver.

IT IS THEREFORE ORDERED that the Receiver's Consolidated Motion to Dismiss Defendants' Counterclaims. (Doc. No. 59) is hereby GRANTED.

Signed:  January 14,  2015

Graham C. Mullen
United States District Judge