IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV91

| | |
|---|---|
| KENNETH D. BELL, in his capacity as a court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>    Plaintiff,<br><br>v.<br><br>TODD DISNER, in his individual capacity and in his Capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM,<br><br>    Defendants. | ORDER |

This matter is before the Court upon the Receiver's Motion for Class Certification. (Doc. No. 68). The Receiver is moving to certify a Defendant class in this case pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B) comprised of all persons or entities who were Net Winners of more than one thousand dollars in ZeekRewards.

### I.    FACTUAL BACKGROUND

This "clawback" litigation was initiated by the Receiver of Rex Venture Group, LLC ("RVG"). The Complaint alleges as follows: Paul Burks, the owner and former top executive of RVG, and other management insiders used RVG in their operation of a massive Ponzi and

1

pyramid scheme through ZeekRewards from at least January 2011 until August 2012. Compl. at ¶¶ 1, 6–9. Over 700,000 participants lost over $700 million dollars in the scheme. *Id.* at ¶ 1. Burks and the management insiders used ZeekRewards to promise substantial payouts and outsize returns to all participants, but few actually benefitted. *Id.* at ¶ 2. Those who did benefit were paid not with profits from a legitimate retail operation, but rather from money paid in by later investors in the scheme. *Id.* at ¶ 3. The largest "net winners" (those who received more money from ZeekRewards than they paid in) each received well over a million dollars, and many others received hundreds of thousands of dollars. *Id*. at ¶¶ 2, 12–25.

On August 17, 2012, the Securities and Exchange Commission filed an action in this Court, *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12cv519, to obtain injunctive and monetary relief against Paul Burks, shut down the ZeekRewards Ponzi and pyramid scheme, freeze RVG's assets, and seek appointment of a receiver for RVG. That same date, in the Agreed Order Appointing Temporary Receiver and Freezing Assets of Defendant Rex Venture Group, LLC, this Court appointed Kenneth D. Bell as the Receiver over the assets, rights, and all other interests of the estate of Rex Venture Group, LLC, d/b/a www.ZeekRewards.com and its subsidiaries and any businesses or business names under which it does business. The Order further directed Mr. Bell as RVG's Receiver to institute actions and legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits, imposition of constructive trusts, and any other legal and equitable relief that the Receiver deems necessary and appropriate to preserve and recover RVG's assets for the benefit of the Receivership Estate.

The Complaint alleges that the vast majority of the ZeekRewards winners' money came from ZeekRewards losers rather than legitimate business profits. Compl. at ¶ 3. At least $845 million was paid in to ZeekRewards, of which no more than $6.3 million (less than 1%) came from retail bid purchases by non-participants. *Id.* In total, the ZeekRewards database records show that over 92% of the money paid in to ZeekRewards came from Net Losers rather than Net Winners, and ZeekRewards' Net Winners received over $283 million in net winnings. *Id.*

The Receiver alleges that because ZeekRewards' Net Winners "won" (the victims') money in an unlawful combined Ponzi and pyramid scheme, the Net Winners are not permitted to keep their winnings and must return the fraudulently transferred winnings to the Receiver for distribution to ZeekRewards' victims. The Receiver filed this "clawback" action on February 28, 2014, asserting claims of relief against approximately 9,400 Net Winners for: (1) Fraudulent Transfer of RVG Funds in Violation of the North Carolina Uniform Fraudulent Transfer Act; (2) Common Law Fraudulent Transfer; and (3) Constructive Trust.

## II. DISCUSSION

The Federal Rules of Civil Procedure do allow for a defendant class. Rule 23(a) states that "[o]ne or more members of a class may sue *or be sued* . . . ." Fed. R. Civ. P. 23(a) (emphasis added); *see also Henson v. E. Lincoln Twp.*, 814 F.2d 410, 412 (7th Cir. 1987) ("It is apparent from the words of Rule 23(a) ('sue or be sued as representative parties') that suits against a defendant class are permitted."). Defendant class actions have been certified when, as here, there is a need for a "procedural device that allows one who has a common grievance against a multitude of persons to resolve . . . the dispute by using only a few members of the class." *Broadhollow Funding Corp. v. Fitzmaurice (In re Broadhollow Funding Corp.)*, 66 B.R.

1005, 1007 (Bankr. E.D.N.Y. 1986). "The use of a defendant class avoids costly multiple litigation and the danger of inconsistent adjudication of the same issue." *Id.*

A defendant class may be certified if it meets four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) fair and adequate representation. Fed. R. Civ. P. 23(a). In addition to meeting the four prerequisites of Rule 23(a), certification of the proposed class requires satisfaction of one of the class requirements set forth in Rule 23(b). The Court will first discuss each of the Rule 23(a) prerequisites.

### A. Rule 23(a) Analysis

It is undisputed that the proposed class meets the numerosity requirement, as it consists of approximately 9400 Net Winner Defendants. Defendants contend, however, that differences in questions of law and fact as well as differences in claims and defenses among the Defendants preclude a finding of commonality and typicality.

The "commonality" factor examines whether there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the common questions are whether ZeekRewards operated as a Ponzi and/or pyramid scheme and whether net winnings received by the Defendants should be returned to the Receiver. "It is not required that all factual or legal questions raised in the lawsuit be common so long as a single issue is common to all class members." *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 179 B.R. 264, 270 (Bankr. D. Colo. 1995); *see also In re Cardinal Indus.*, 105 B.R. 834, 844 (Bankr. S.D. Ohio 1989) ("There need only exist one significant issue or fact common to all members of the putative class.") (citing *Newburg on Class Actions* § 3.10).

In *Weinman*, the court certified a defendant class action involving approximately 6,300 defendant shareholders after the bankruptcy of the Integra hotel company. *Weinman*, 179 B.R. at

4

270.[1] The court found that the commonality requirement was met based on whether a spinoff of stock to the shareholders constituted a fraudulent transfer, which was the central issue in determining the defendants' liability. *Id*.

The proposed class members in this action are likewise linked by a common set of facts, which includes whether ZeeksRewards' operation was a Ponzi and/or pyramid scheme. All class members had or controlled usernames and accounts with ZeekRewards through which they received funds from RVG. Further, each class member received more money from RVG than they paid into RVG (their "net winnings") during the course of their participation as affiliates in the ZeekRewards program. There is also a common question of law, that is: whether the payments from ZeekRewards to class members are fraudulent transfers that must be disgorged and repaid.

Despite these undisputed key common issues of law and fact, Defendants argue that the commonality requirement is not met because there may be differences in the Defendants' relationships with RVG insiders, differing counterclaims,[2] differing defenses such as reliance on counsel's advice, potential third-party claims, and other issues related to the details of each Defendant's participation in ZeekRewards. Defendants cite *Wal-mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) in support of their position that a class must not only have common questions, but the capacity to generate a common resolution. However, any potential dissimilarities among the members of the proposed class do not impair the ability to reach a common resolution to the core issues of law and fact in this case.

---

[1] The class certification in *Weinman* was upheld by the Tenth Circuit on two separate occasions. *See Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246 (10th Cir. 2004); *Weinman v. Fid. Capital Appreciation Fund*, 262 F.3d 1089 (10th Cir. 2001).
[2] The Court has now dismissed all counterclaims filed by the named defendants pursuant to Rule 12(b)(6). (Doc. No. 98).

Moreover, Defendants' claim that individual circumstances impact the commonality requirement ignore the nature of this fraudulent transfer case, which simply looks at whether there was a fraudulent transfer to all the Net Winners that must be repaid, without regard to the individual circumstances of participation in the scheme. In *Weinman*, the Tenth Circuit emphasized that "unlike the typical class action damage case, where 'the individual circumstances of each class member are typically of material importance,' it is 'virtually never the case' that the proceeds of a single fraudulent transfer . . . would be recoverable from one defendant . . . but not from another." *Weinman v. Fid. Capital Appreciation Fund*, 354 F.3d 1246, 1265 (10th Cir. 2004) (internal citations omitted). In another case involving a defendant class action, *In re Broadhollow*, the court recognized that "a variance in the size of investment . . . does not defeat class certification" and "[Rule] 23(a)(2) does not require a class of clones in which members are identical in all respects." *In re Broadhollow*, 66 B.R. at 1009 (citing *In re REA Express, Inc*., 10 B.R. 812 (Bankr. S.D.N.Y. 1981)). The Court finds that the core common issues of law and fact that exist herein satisfy the commonality requirement.

The third prerequisite shifts the focus from the characteristics of the class members to the characteristics of the named class representatives. *See In re Broadhollow*, 66 B.R. at 1009. The typicality requirement addresses whether the "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Receiver has proposed that one or more of the following named Defendants serve as Class Representatives: Trudy Gilmond and Trudy Gilmond, LLC; Jerry Napier; Darren Miller; Rhonda Gates; Innovation Marketing, LLC; Aaron Andrews; Shara Andrews; Global Internet Formula, Inc.; T. LeMont Silver; Karen Silver; and Durant Brockett.

The typicality requirement does not mandate that the defenses of the representative parties and the class be completely identical or perfectly coextensive. *See Weinman*, 179 B.R. at 270; *Oneida Indian Nation v. State of New York*, 85 F.R.D. 701, 705 (N.D.N.Y. 1980). Rather, it is sufficient if the defenses are substantially similar and "there is a nexus between class representatives/claims or defenses and common questions of fact or law which unite the class." *Weinman*, 179 B.R. at 270. Here, the proposed Class Representatives and the class each participated in the same event and course of conduct that has given rise to the Defendant class; that is, they all participated in and received at least $1000 in profits from the ZeekRewards scheme. Because the Class Representatives participated in the same ZeekRewards scheme, they inevitably share the same defenses against liability for repayment of the alleged fraudulent transfers made to the class, which does not depend on the personal circumstances of particular affiliates.[3] *See Weinman*, 354 F. 3d at 1265. The Court finds that the typicality requirement is satisfied.

The last prerequisite for certification is that the proposed class representatives and their counsel be able to fairly and adequately represent the interests of the defendant class. Fed. R. Civ. P. 23(a)(4). In determining whether a named representative in a class action is "a fair and adequate representative," some courts have applied a two-pronged test: 1) the representative must be able to conduct the litigation; and 2) the representative's interests must not be antagonistic to those of the class members. *See Weinman*, 179 B.R. at 270-71; *see also Baehr v. Creig Northrop Team*, 2014 WL 346635, at *9 (D. Md. Jan. 29, 2014) (noting representation is adequate if the named representatives' interests are not opposed to those of the other class members, and the attorneys are "qualified, experienced and able to conduct the litigation")

---

[3] Indeed, the Answers filed by the named Defendants reveal that they share typical and similar defenses.

7

(citing *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006)); *Harris v. Rainey*, 299 F.R.D. 486, 490-91 (W.D. Va. 2014).

Courts also examine the extent of the named representatives' financial interest in the class action. *See In re Broadhollow*, 66 B.R. at 1011; *see also Weinman*, 262 F.3d at 1112 (rejecting challenges to the adequacy of the class representative and noting that the class representative's potential liability "far exceeded that of any other class member" and "its interests were aligned with those of the other class members in that all concerned wished to limit their liability to the lowest possible amount."). Here, the proposed Class Representatives' interests are not antagonistic to, but rather aligned with, the interests of the unnamed class members because they share the common objective to defend against having to return funds received from ZeekRewards as demanded by the Receiver. Thus, there is no conflict which would defeat adequacy of representation. *See Harris*, 299 F.R.D. at 491 (recognizing that "[a] conflict must be fundamental to defeat adequacy of representation; a conflict is not fundamental when all class members 'share common objectives and the same factual and legal positions and have the same interest in establishing the liability of defendants.'") (quoting *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) and *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 431 (4th Cir. 2003)).

Further, the named Class Representatives were among the largest Net Winners of the ZeekRewards scheme. Each received over $900,000 from RVG (either individually or together with another family member or through their shell corporation). The proposed Class Representatives are not likely to abandon or return these substantial sums without obtaining experienced counsel and mounting a vigorous defense. Already, the proposed Class Representatives have retained competent counsel who have filed extensive answers and motions

8

Case 3:14-cv-00091-GCM   Document 101   Filed 02/10/15   Page 8 of 12

to dismiss.  Finally, it is undisputed that counsel retained by the proposed Class Representatives are experienced and qualified attorneys, fully capable of protecting the interests of their clients and consequently the class.

The Named Defendants argue that they simply cannot afford to represent the Net Winner Class.  However, their protestations of poverty ring hollow in light of the fact that together they won over $11 million in profits from ZeekRewards.  "It is presumed that representatives will vigorously prosecute or defend the action if they have retained well qualified counsel and if they possess sufficient resources or stake in the outcome of the case to bear the financial burden of the litigation." *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 613(E.D. Mich. 1985) (quoting *In re Gap Stores Sec. Litig.*, 79 F.R.D. 283, 303 (N.D. Cal. 1978)).  Moreover, the Court has repeatedly made it clear that the Receiver will be required to help fund the defense of the class.[4]

In any event, the Court finds that Defendants and their counsel can and will adequately represent the class and there is no basis to deny class certification over the issue of what amount of truly necessary class legal expenses (as distinguished from the Defendants' own legal costs) are paid by the Receivership.

### B.  Rule 23(b) Analysis

---

[4] That Court is mindful that despite the large winnings of the Named Defendants, it is possible that much of the net winnings has been dissipated.  As stated at the last status conference in this matter, the Court fully expects that the Named Defendants will provide the Receiver with any and all evidence of their financial status and the location of all net winnings received from ZeekRewards, including deposition testimony as to the same.  Such financial transparency will not only aid the Court in its determination as to what extent the Receiver shall be required to fund the defense of the class, but will also undoubtedly aid in any settlement discussions.

Having found that the prerequisites of Rule 23(a) are all met, the Court turns to a consideration of Rule 23(b). Rule 23(b)(1), under which the Receiver seeks to certify the Net Winner class, permits class certification in instances where prosecuting separate actions would either create:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1).

Courts have certified defendant classes pursuant to Rule 23(b)(1)(A) in actions involving voidable preferences and fraudulent conveyances "to insure that separate proceedings would not result in inconsistent adjudication of the common issues, thus leaving the trustee in a stalemated position." *In re Broadhollow*, 66 B.R. at 1013 (finding certification under 23(b)(1)(A) warranted and adopting reasoning in *Guy v. Abdulla*, 57 F.R.D. 14 (N.D. Ohio 1972)).[5] If the Receiver herein was forced to file separate actions against the 9,400 Defendants, he would certainly be risking inconsistent and varying adjudications. If one court found that a fraudulent transfer occurred, but another court did not, then those inconsistent decisions would place the Receiver in a stalemated or conflicted position. If the Receiver attempted to enforce a valid judgment against a particular Defendant, that Defendant might refuse to pay because other Defendants similarly situated were not held to be liable for the same underlying conduct related to ZeekRewards. An additional layer of inconsistency would arise if the Receiver attempts to settle a lawsuit, but the

---

[5] In *Guy v. Abdulla*, the court certified a defendant class under Rule 23(b)(1)(A) so that the bankruptcy trustee could maintain an action against all parties allegedly holding voidable preferences and property transferred by fraudulent conveyances without the risk of inconsistent adjudication of the common issues.

Net Winner Defendant is not willing to compromise since that Defendant is already aware of the inconsistent adjudication based on the same set of facts. These anomalous results would leave the Receiver in an untenable position and circumstances such as these are precisely why class actions exist. *See Guy v. Abdulla*, 57 F.R.D. at 17-18.

Defendants incorrectly contend that this class cannot be certified under Rule 23(b)(1)(A) because it is allegedly a "money damages" action. However, actions for the return of fraudulent transfers and the imposition of constructive trust seek equitable relief (even though it is the payment of money) that is appropriate for Rule 23(b)(1)(A) class certification. The Fourth Circuit in *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 498 (4th Cir. 1999) recognized that voiding a fraudulent transfer is a form of rescission and an equitable remedy. *Id.* ("The complaint's request to void transfers as fraudulent—a form of rescission—is . . . an equitable remedy.") The *Rahman* court also recognized that a constructive trust is "a tool of equity to prevent unjust enrichment" and "[a] constructive trust remains an equitable remedy even thought it might ultimately reach a fund of money." *Id.* (internal quotations omitted). Therefore, the nature of the relief sought in this action is fully consistent with class certification under Rule 23 (b)(1)(A).

Although it is not necessary for the Court to consider Rule 23(b)(1)(B), certification would likewise be appropriate under this subsection. In fact, Rule 23's Advisory Notes indicate that a "fraudulent conveyance" is exactly the type of situation where a class should be certified because separate adjudication "will necessarily or probably have an adverse practical effect." Fed. R. Civ. P. 23 advisory committee's note. In *Weinman,* the Tenth Circuit upheld class certification under Rule 23(b)(1)(B) in a class action involving questions of whether a fraudulent transfer occurred and whether there was an unlawful dividend distributed. *Weinman*, 354 F. 3d

11

at 1263–64. The court noted that the first suit against a defendant or group of defendants could be dispositive of all remaining suits and would decide the rights of absent defendants "without the class action's assurance that they be adequately represented." *Id*. at 1264. The court reasoned that, as here, a defendant "has only a small number of possible individual defenses" and "the primary legal and factual issues in the first case would not only form the basis for the application of stare decisis in subsequent cases; they would almost inevitably prove dispositive in those cases." *Id.*

A Defendant class action certified under Rule 23(b)(1) is fair to the Defendants, particularly relatively small Net Winners. The efficiency of one action in which all parties can argue their case and assert their rights will benefit both the Receiver and small winners and supports the intent behind both Rule 23(b)(1)(A) and (b)(1)(B). While the Court is mindful of due process concerns as well as other problems specific to defendant class actions, the Court is firmly convinced a class action is the only means to reasonably and efficiently resolve the Receiver's claims against 9,400 Net Winners. Accordingly,

IT IS THEREFORE ORDERED that the Receiver's Motion for Class Certification is hereby GRANTED.

Signed: February 10, 2015

Graham C. Mullen
United States District Judge

12

Case 3:14-cv-00091-GCM   Document 101   Filed 02/10/15   Page 12 of 12