IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>Defendants. | No. 3:14-cv-91 |

**CONSENT ORDER APPOINTING CLASS COUNSEL**

On February 10, 2015, this Court entered an ORDER granting the motion of Kenneth D. Bell, the court-appointed Receiver for Rex Venture Group, LLC ("RVG"), to certify a Defendant Class (the "Net Winner Class") in this action comprised of all persons and entities who were Net Winners of more than $1000 in ZeekRewards. (the "Order," Doc. 101). In certifying the Net Winner Class, the Court noted that "Defendants and their counsel can and will adequately represent the class," but also noted that "the Receiver will be required to help fund the defense of the Class." (*Id*., at p.9). Since the entry of the Order, the Court has instructed the Receiver and defendants' counsel to confer on the allocation of class counsel costs and other related issues to determine if an agreement can be reached. Also, since the entry of the Order a number of the named defendants' counsel have withdrawn their representation and the Court has entered Judgment against certain named defendants. (Doc. 104, 108, 110-111, 119 and 122).

Now, the Court has been advised by the Receiver and Kevin Edmundson, counsel for defendants Aaron Andrews, Shara Andrews, Innovation Marketing, LLC and Rhonda Gates, that they have reached agreement on proposed terms for the partial funding of Class Counsel by the Receiver. Accordingly, with the consent of the Receiver, Kevin Edmundson and the parties he represents and, after providing an opportunity for objections to these terms as described below, the Court ORDERS as follows:

1. Kevin Edmundon is hereby appointed Class Counsel for the Net Winner Class. As previously ordered, the Net Winner Class includes all persons and entities who participated in ZeekRewards and received at least $1000 more in money from ZeekRewards than they put into the program. Notice of the certification of the Net Winner Class has been sent to the members of the class as ordered by the Court.

2. The class issues before the Court relate to the alleged liability of the Net Winners to return money won in the alleged ZeekRewards Ponzi and/or pyramid scheme, including the Receiver's claims for (1) Fraudulent Transfer of RVG Funds in violation of the North Carolina Fraudulent Transfer Act; (2) Common Law Fraudulent Transfer; and (3) Constructive Trust. The Court has noted that the common questions related to the Net Winner Class are "whether ZeekRewards operated as a Ponzi and/or pyramid scheme and whether net winnings received by the Defendants should be returned to the Receiver." (Order at p. 9). The Court has further held that the details of each class member's participation in ZeekRewards do not need to be addressed in answering these common and controlling questions and that the final amount of each Net Winner Class member's net winnings and any Judgment against them will be set later in the proceedings after the liability of the class, if any, has been established.

3. Mr. Edmundson shall serve as Class Counsel until further order of the Court. However, it is not expected that Class Counsel will be engaged to represent the Net Winner Class following a finding, if any, of class liability.

4. Class Counsel is authorized to communicate with the Net Winner Class as he deems reasonable and necessary through such means that he believes to be most efficient and cost-effective. Class Counsel has made an initial determination that web-based and email communication to the class should be the primary means of class communication and requested that he be permitted to develop a platform for such communications with Garden City Group, who is assisting the Receiver with his communications. The Receiver has agreed to allow Garden City Group to assist Class Counsel and to pay the Garden City Group, subject to this Court's approval, for the reasonable costs of necessary class communications. In the event there is a dispute regarding the reasonableness or cost of any Class Counsel communication that cannot be resolved between the Receiver and Class Counsel then the matter shall be submitted to the Court for decision prior to the communication being made.

5. Class Counsel is authorized and instructed to explain to the Net Winner Class that in the event that liability on one or more of the Receiver's claims is established, the Receiver

intends to seek a process to determine the net winnings of each Net Winner Class member that will notify the net winner of the amount of his or her net winnings according to the RVG records, allow a reasonable opportunity to provide a response (supported by relevant documentation if the net winner disagrees with the calculation) and then either reach an agreement on the amount or have the amount determined by a judicial process. Therefore, it is not necessary for any net winner to communicate with Class Counsel related to determining the amount of his or her net winnings or whether the alleged class member received more than $1000 because each alleged class will have an opportunity to address those issues in the damages process ordered by the Court. Further, Class Counsel is authorized and instructed to inform the members of the Net Winner Class that, if they have not already done so, to gather and preserve any documents or information (including electronic files) related to the amount each paid into and received from ZeekRewards so those documents and that information can be used in the later process to determine the amount of their individual net winnings.

6. The Court has previously ordered the engagement of BRG Group as an expert for the Net Winner Class (Doc. 117) to complete "Phase 1" of their work as set forth in their proposal. BRG is hereby ordered to now report to Class Counsel in addition to the Court and Class Counsel is authorized to direct BRG's work in accordance with Phase 1 of the approved proposal.

7. Class Counsel has informed the Receiver and the Court that he believes that to adequately represent the Net Winner Class, Class Counsel should be permitted at the Receiver's expense to depose the Receiver's financial expert and defend any deposition of the expert for the class (including reasonable preparation), engage in a review of those documents that the Receiver intends to rely on to establish liability, and prepare and argue the class' response to any dispositive motion filed by the Receiver against the class to establish class liability. The Receiver has agreed to pay for Class Counsel's reasonable fees and expenses, subject to the approval of the Court, for the deposition work and document review described above. With respect to fees for responding to a dispositive motion, the Receiver has agreed to pay $35,000 of such reasonable fees, subject to the approval of the Court, in light of the obligation and collective ability of the named defendants' represented by Class Counsel to fund their own response to the dispositive motion.

8. The Court finds that these efforts, if pursued in good faith, will adequately represent the Net Winner Class and approves the Receiver's limited agreement to pay for such efforts subject to approval by this Court.

9. In the event that the Receiver files a separate dispositive motion against any named defendant other than Aaron Andrews, Shara Andrews, Innovation Marketing, LLC and Rhonda Gates then those defendants are responsible for paying for their response, should they choose to file one. In the event that any other named defendant desires and is willing to pay to have Class Counsel represent his or her interests in responding to the dispositive motions, then Class Counsel and the Receiver are instructed to attempt in good faith to adjust the percentage of fees being paid by the Receiver with respect to the response to the dispositive motions.

10. Class Counsel is hereby appointed to serve without bond and shall have full power and authority to act in the best interests of the Net Winner Class. Class Counsel and his agents, acting within the scope of Class Counsel's duties are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall Class Counsel be liable to anyone for his good faith compliance with his duties and responsibilities as Class Counsel, nor shall Class Counsel be liable to anyone for any actions taken or omitted except upon a finding by this Court that he acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of his duties.

11. This Court shall retain jurisdiction over any action filed against Class Counsel based upon acts or omissions committed in his representative capacity.

12. In the event Class Counsel decides to resign, he shall first give written notice to the Court of his intention, and the resignation shall not be effective until the Court appoints a successor.

13. Since early in the Receivership, the Receiver has expressed a willingness to consider voluntary settlements on the Receiver's claims with ZeekRewards' net winners and others against whom the Receiver has claims. To date, there have been numerous settlements approved by the Court in which net winners and the Receiver agreed on an amount to be repaid, often with payment terms that allowed the net winner to repay the agreed amount over a number of months. Notwithstanding the appointment of Class Counsel, members of the Net Winner Class and the Receiver are still permitted to discuss a potential settlement of the Receiver's claims against them even though they have become members of the Net Winner Class.

14. The Receiver and Class Counsel are instructed to provide a copy of this order on their respective websites. Any member of the Net Winner Class or other interested person who objects to this order must file such objection within 30 days of the date of its entry. The Court finds that there is no just cause to delay the implementation of the agreement reflected in this order pending the objection period, but may revise or terminate this order after review of any objections filed. However, any fees incurred by Class Counsel prior to modification of this order shall be paid in accordance with the order.

Signed: September 11, 2015

Graham C. Mullen
United States District Judge