# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>      Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>      Defendants. | No. 3:14-cv-91 |

## ORDER ON PROCESS FOR DETERMINING THE AMOUNT OF FINAL JUDGMENTS AGAINST NET WINNER CLASS MEMBERS

    On November 29, 2016, this Court entered an ORDER (Doc. No. 142) granting the motion of Kenneth D. Bell, the court-appointed Receiver for Rex Venture Group, LLC ("RVG"), for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class ("Summary Judgment Order"). Pursuant to the Summary Judgment Order, the Court has now entered Final Judgments against each of the named Defendants in the amount of their net winnings from the ZeekRewards scheme. *See, e.g.,* Doc. Nos. 148-151.[1] In entering Final Judgments against the Named Defendants, the Court relied on the sworn testimony of the Receiver's expert witness, David Turner, and his calculation of the net winnings attributable

---

[1] The Court also awarded pre-judgment interest from August 2012, when the ZeekRewards scheme ended and the Receiver was appointed.

to each of the Named Defendants based on the available books and records of the RVG Receivership. *See* Doc. # 134-47, p.43.

In the Summary Judgment Order, the Court also entered partial summary judgment against the Net Winner Class, finding that the net winnings they received from ZeekRewards were fraudulent transfers that must be repaid to the Receiver and are subject to a constructive trust for the benefit of the Receivership Estate. The only issue now remaining before the Court with respect to the Net Winner Class is how to fairly and efficiently determine the amount of the Final Judgment (ZeekRewards net winnings plus pre-judgment interest) to be paid by each member of the class.[2]

The Receiver has proposed a process, described below, for determining the amount of the Final Judgment to be entered against each member of the Net Winner Class in accordance with the Summary Judgment Order. Counsel for the Net Winner Class has stated that the Net Winner Class has no objection to that proposed process. Accordingly, the process for determining the amount of the Final Judgment to be entered against each member of the Net Winner Class shall be as follows:

1. The amount of net winnings ("Net Winnings") received by each Net Winner Class member shall be calculated in the same manner as the Final Judgments entered against the named Net Winners in this action. *See* Doc. # 134-47, p.43; Doc. Nos. 148-151. Specifically, Net Winnings shall be calculated as total cash paid-out by RVG less outside cash (excluding reinvested funds generated as part of the ZeekRewards Program) used to purchase VIP bids, retail bids, and subscriptions (VIP bids + Retail bids + Subscriptions). Each Net Winner Class member's net winnings shall be the total amount of the net winnings associated with their respective usernames,[3] aggregated first by matching usernames with the same valid nine-digit Social Security numbers (SSN) in the ZeekRewards database and then including additional usernames associated with the same class member based upon the "Payee" field in the ZeekRewards database.

2. On or before January 31, 2017, the Receiver shall notify each Net Winner Class member of the amount of their ZeekRewards Net Winnings as reflected in the available books and records of the RVG Receivership.

3. The Receiver shall notify each member of the Net Winner Class of the amount of their Net Winnings by email to the email address provided by the net winner in connection with any account included in determining the amount of Net Winnings as well as any other email address that has been provided by the net winner following the appointment of the Receiver. The Receiver shall also post a link on the Receivership website that allows class members to receive notification of the amount of their Net Winnings. In the event that the

---

[2] As previously ordered, the Net Winner Class includes all domestic (United States) persons and entities who participated in ZeekRewards and received at least $1000 in excess of the funds they invested in the ZeekRewards program.

[3] In ZeekRewards, a specific individual account was referred to as a "username." An individual's username was unique to their account and used to track all of their ZeekRewards activity.

notice cannot be delivered to any email address provided by the Net Winner, the Receiver shall send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings on the Receivership website.[4]

4. Class Counsel for the Net Winner Class shall (i) post a notice on the Net Winner Class website describing the process set forth herein and (ii) communicate to the Net Winner Class the availability from the Receiver of the Net Winnings amount for each class member. Class Counsel shall not be required to provide the amount of Net Winnings to each class member or otherwise communicate with class members. The Court finds these multiple means of notice to be fair, appropriate and the best notice that is practicable under the circumstances.

5. On or before March 31, 2017 (or at least 60 days following the initial email transmittal of the Net Winning amounts to class members if the Receiver's email notice occurs after January 31, 2017), each class member shall, if they choose to do so, respond to the calculation of their Net Winnings from the RVG records. The response must be in writing (sent to the Receiver either electronically or by mail to the email and mail addresses designated in the Receiver's notice of the Net Winner Class member's net winnings) and must include:

    1) The Net Winner Class member's specific proposed alternative calculation (in US$) of Net Winnings; and

    2) Evidence supporting the alternative calculation, including, without limitation, independent documentation (such as bank records).

    3) In responding to the Receiver's calculation of their Net Winnings, Net Winner Class members must "set forth specific facts that go beyond the mere existence of a scintilla of evidence." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). *See also*, *DiQuollo v. Prosperity Mortg. Corp.*, 984 F.Supp. 2d 563, 570 (E.D. Va. 2013)("the law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact ...."). They cannot "solely rely on mere [] denials . . . ." *Id*.

In calculating any alternate amount of Net Winnings, a Net Winner Class member may only include money paid into RVG / ZeekRewards and received from ZeekRewards for the particular class member's usernames (as defined above). No "expenses" or other "setoffs" are permitted to be deducted from this amount, including but not limited to, expenses alleged to have been incurred in participating, promoting, recruiting other participants,

---

[4] Because ZeekRewards scheme was primarily operated through online and electronic communications, the RVG records include a more robust database of electronic addresses. Accordingly, the initial reliance of this notification process on email mirrors the notification process used by the Receiver to notify and communicate with the victims of the ZeekRewards scheme related to presenting and approving claims for reimbursement of their losses.

paying for the accounts of others or loaning money to other participants. *See* Summary Judgment Order at 23-24; Order dated January 14, 2015, Doc. No. 98, at 7-8 (denying as a matter of law counterclaim by net winners to "setoff" alleged costs and expenses incurred as a Zeek Affiliate).

6. Final Judgment shall be entered against any Net Winner Class member who does not respond to the Receiver's calculation of their Net Winnings on or before the response deadline in the amount of their Net Winnings as calculated by the Receiver plus prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment to each Defendant, to November 29, 2016, the date of the Summary Judgment Order in this action. See N.C. Gen. Stat. § 24-4, 5 (2001); Doc. #142.

7. For all Net Winner Class members who timely provide alternate Net Winnings calculations to the Receiver, on or before May 15, 2017 (or 45 days after the deadline for submission of responses if not March 31, 2017), the Receiver shall respond to the alternate calculation, indicating agreement or disagreement with the alternate calculation. If the Receiver agrees with the alternate calculation then a final Judgment shall be entered against that class member in the amount of Net Winnings calculated by the class member plus prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment to each Defendant, to November 29, 2016, the date of the Summary Judgment Order in this action.

8. In the event that the Receiver does not agree to the Net Winner's alternate calculation, the Receiver shall attempt on or before May 15, 2017 (or 45 days after the deadline for submission of responses if not March 31, 2017) to resolve the amount of Net Winnings through negotiations with that Net Winner.

9. If the amount of a Net Winner Class member's amount of Net Winnings has not been resolved during the negotiation period, the matter may, at the request of the Receiver or the Net Winner and contingent upon acceptance of the terms of referral described below,[5] be referred to Retired Judge Frank W. Bullock, Jr. of the United States District Court for the Middle District of North Carolina, who was previously Appointed as a Special Master to resolve Claim Determinations in the related matter of *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519 (the "SEC Action") and is hereby appointed a Special Master in this action.

10. The Court finds that an exceptional condition warranting a Special Master exists in this Case in regard to the issues on which Judge Bullock will preside as a Special Master. The Special Master process is needed to provide a simple, efficient and expeditious process for the Receiver and the thousands of members of the Net Winner Class to resolve any disputes over the individual Net Winnings calculations. Also, here, as in the Claims Determination

---

[5] If neither the Receiver nor the Net Winner refer the question of the amount of a net winner's Net Winnings to the Special Master, then the normal procedures of the Court, including, but not limited to, the Receiver's right to seek Summary Judgment, shall be used to resolve the amount.

process in the SEC Action, the members of the Net Winner Class hold no jury trial right with respect to the determination of whether a disputed issue of material fact exists as to the amount of their Net Winnings or as to a voluntarily binding or required non-binding determination of the amount of those Net Winnings.

11. The Special Master shall file the affidavit required by Rule 53(b)(3)(A) within ten (10) days after the entry of this Order. Further, the duties and powers of the Special Master shall be limited to those duties and powers described herein. The Special Master shall not have the power to issue any orders or impose any sanctions.

12. Net Winners may refer matters to the Special Master (through a "Request for Intervention") on or before June 15, 2017 (or 30 days after the negotiation period described in paragraph 8 ends if later). The Receiver may make referrals to the Special Master at any time on or before July 15, 2017. The Request for Intervention must be made in writing by the deadline date and served via electronic mail to the opposing person or entity and the Special Master.[6] Net Winners may hire counsel at their own expense to represent them with respect to the Request for Intervention and subsequent proceedings before the Special Master without making an appearance in this action.[7]

13. If a party chooses to take advantage of the opportunity to refer the decision on the amount of a Net Winner's Net Winnings to the Special Master then that party must voluntarily agree to accept the Special Master's decision as binding if the other party similarly agrees to accept the Special Master's decision.

14. The Request for Intervention must include the following:

    a. A statement requesting the referral of the sole question of the amount of the Net Winner's Net Winnings to the Special Master;
    b. A statement specifically stating the referring party's voluntary agreement that the Special Master's decision will be binding if the other party agrees to accept the Special Master's decision; and
    c. A statement of no more than five (5) pages in length setting forth the Net Winner's or the Receiver's position, as the case may be, with respect to the amount of the Net Winnings received by the Net Winner and the evidence and argument in support of that position (the "Position Statement").

15. Within 30 days after receiving or making the Request for Intervention, the Receiver shall make available to the Special Master the information supporting the parties' respective positions previously provided pursuant to the Notice and response obligations described above (i.e., the information in the ZeekRewards database relating to the calculation of the relevant Net Winnings, the amount the Net Winner asserts he or she paid in to

---

[6] The Receiver shall inform Net Winners of the Special Master's email address during the negotiation process or upon request from a Net Winner.

[7] However, any representation of a Net Winner in Court pleadings or proceedings in this action shall be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

ZeekRewards, the amount of payments the Net Winner claims he or she was paid by ZeekRewards and any backup submitted).

16. Further, the party who did not file the Request for Intervention shall provide to the Special Master and serve on the opposing person or entity by electronic mail a written statement of no more than five (5) pages in response to the referring party's Position Statement ("Reply Statement). In response to the referring party's request that the Special Master's decision be binding, the Reply Statement must state whether or not the replying party agrees that the decision will be binding.

17. In the event that a Net Winner fails to timely serve a Reply Statement then the Special Master shall issue a decision against that class member in the amount of Net Winnings calculated by the Receiver plus prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment to each Defendant, to November 29, 2016, the date of the Summary Judgment Order in this action. In the event that the Receiver fails to provide the required information or a Reply Statement then the Special Master shall issue a decision in favor of the Net Winner.[8]

18. Upon receipt of the Position Statement, the Reply Statement and the supporting information, the Special Master shall review this information and, at his discretion, hold a hearing lasting no more than 2 hours (unless otherwise agreed by the Special Master and all parties) where the Receiver and/or the Claimant may produce additional evidence regarding the Net Winner's amount of Net Winnings. Attendance at such hearing shall not be required. Entities may attend the hearing by telephone or other electronic means.

19. After the conclusion of such hearing, the Special Master will serve, via electronic mail, a written decision (the "Decision") setting forth his findings regarding whether there are any disputed issues of material facts related to the amount of the Net Winner's Net Winnings and his finding as to the amount of those Net Winnings.

20. If both the Receiver and Net Winner have voluntarily agreed that the Special Master's determination is binding, then the Court shall enter a final Judgment against that class member in the amount of Net Winnings calculated by the Special Master plus prejudgment interest, calculated at the North Carolina statutory rate of 8% per annum from August 17, 2012, which is on or after the date of the last fraudulent transfer payment to each Defendant, to November 29, 2016, the date of the Summary Judgment Order in this action.

21. If the parties did not agree that the Special Master's decision would be binding, then both the Receiver and Net Winner Class member shall have 30 days from the date of service of the Decision via electronic mail to file an appeal of the Decision with this Court

---

[8] In light of the possibility of numerous referrals to which the Receiver may be otherwise required to respond to at or about the same date, the Special Master may, in his discretion, grant an extension of time to the Receiver to serve the required information or a Reply Statement related to a particular Net Winner.

(an "Appeal"). Following Appeal, this Court shall, after providing appropriate notice and an opportunity to be heard, exercise its judgment and discretion to either accept the Decision and enter the appropriate Final Judgment (if the Special Master finds that there is no disputed issues of material fact regarding the amount of Net Winnings) or hold further proceedings to resolve the amount of the class member's Net Winnings, which shall include, if appropriate, the opportunity for either party to request a trial by jury of all issues properly triable by jury.

22. The Special Master may engage in *ex parte* communications with the Court concerning all matters related to his appointment and service other than the merits of the particular Requests for Intervention and related proceedings. The Special Master shall engage in *ex parte* communications with the Claimant only for the purposes of discussing scheduling and logistical issues regarding the review of the Claim Data. The Special Master shall engage in *ex parte* communications with the Receivership Team only for the purposes of discussing scheduling, logistical issues and administrative matters, including, but not limited to, the payment of the Special Master's fees. The Special Master shall be paid $450 per hour for the work he performs in his capacity as Special Master in this matter. The Special Master shall submit his bills to the Receiver for payment. Imposing the expenses of the Special Master on the Estate is fair and reasonable.

23. Class Counsel shall continue to serve until further order of the Court, but shall only be responsible for providing collective notice of the process for determining the Net Winnings of individual class members as described above. Class Counsel is authorized to communicate with the Net Winner Class by email as such means are the most efficient and cost-effective to accomplish his responsibilities. The Receiver has agreed to allow Garden City Group to assist Class Counsel and to pay the Garden City Group, subject to this Court's approval, for the reasonable costs of necessary class communications. In the event there is a dispute regarding the reasonableness or cost of any Class Counsel communication that cannot be resolved between the Receiver and Class Counsel then the matter shall be submitted to the Court for decision prior to the communication being made.

24. The Receiver remains willing to consider voluntary settlements with Net Winner Class members and others against whom the Receiver has claims. To date, there have been numerous settlements approved by the Court in which net winners and the Receiver agreed on an amount to be repaid, often with payment terms that allowed the net winner to repay the agreed amount over a number of months. Notwithstanding the entry of summary judgment and the process described above, members of the Net Winner Class and the Receiver are still permitted to discuss settlement of the Receiver's claims against them while the above-described process is pending.

25. The Receiver and Class Counsel are instructed to provide a copy of this order on their respective websites. Any member of the Net Winner Class or other interested person who objects to this Order must file such objection within 30 days of the date of its entry. The Court finds that there is no just cause to delay the implementation of the agreement reflected in this Order pending the objection period, but may revise or terminate this Order after review of any objections filed. However, any fees incurred by Class Counsel prior to modification of this Order shall be paid in accordance with the order.

SO ORDERED.

Signed: January 27, 2017

Graham C. Mullen
United States District Judge