IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

|   |   |
|---|---|
| **KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,**<br><br>Plaintiff,<br><br>vs.<br><br>**TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;**<br><br>Defendants. | No. 3:14-cv-91 |

## MOTION TO ENTER FINAL JUDGMENTS AGAINST NET WINNER CLASS MEMBERS

On November 29, 2016, this Court entered an ORDER granting the motion of Kenneth D. Bell, the court-appointed Receiver for Rex Venture Group, LLC ("RVG"), for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against the Net Winner Class ("Summary Judgment Order"). See Doc. No. 142. In entering that Order against the Net Winner Class, the Court found that the net winnings they received from ZeekRewards were fraudulent transfers that must be repaid to the Receiver and are subject to a

constructive trust for the benefit of the Receivership Estate. Accordingly, the remaining issue before the Court with respect to the Net Winner Class was how to fairly and efficiently determine the amount of the Final Judgment (ZeekRewards net winnings plus pre-judgment interest) to be paid by each of the members of the class.

To determine the amounts of these Final Judgments, on January, 27, 2017, the Court entered an Order on Process for Determining the Amount of Final Judgments Against Net Winner Class Members (the "Process Order") (Doc. No. 153). Pursuant to that Order (which was entered without an objection from Counsel for the Net Winner Class and elicited no objection in the 30 day objection period following its entry provided by the Court), the Receiver has now calculated each net winner's net winnings based on the Court's instructions, given each class member individual notice of the amount of his or her "net winnings" according to RVG's records, provided an opportunity to respond to that amount with evidence of a different amount and made available a fair and expedient process to resolve any cases in which the Receiver and Net Winner cannot agree on the amount of the Final Judgment.

Therefore, the Receiver respectfully requests that Final Judgments be entered against the persons listed in Exhibit 1 to this motion in the amounts listed. The amount of net winnings and prejudgment interest calculated for each of these net winners has been calculated by the Receiver (through his expert witness) in the same manner as the Final Judgments entered against the named Net Winners in this action. *See* Process Order, at p. 2; Doc. No. 134-47, p.43; Doc. Nos. 148-151, Affidavit of Michael Busen, attached as Exhibit 2. Also, each of these members of the Net Winner Class have agreed with the amount of their net winnings through the Court ordered process for determining the amount of individual net winnings, the Receiver has accepted their proposed alternate amount of net winnings or have failed to timely respond to the Receiver's

notice of the amount their net winnings. *See* Affidavit of Eamon Mason, attached as Exhibit 3. Pursuant to the Process Order, the Receiver is thus entitled to Final Judgments against the members of the Net Winner Class in the amounts listed on Exhibit 1. *See*, Process Order at p.4.

Further, the Receiver respectfully asks that the Court enter the proposed Notice of Motion to Enter Judgment attached as Exhibit 4 to facilitate notice of this motion and the potential resolution of the Receiver's claims against these net winners through voluntary settlements prior to Judgment being entered. To date, there have been more than 1300 (one thousand three hundred) settlements in which net winners and the Receiver agreed on an amount to be repaid, often with payment terms that allowed the net winner to repay the agreed amount over a number of months. The Receiver requests that notwithstanding the entry of summary judgment and the filing of this motion that members of the Net Winner Class and the Receiver still be permitted to discuss settlement of the Receiver's claims against them while the above-described process is pending.

Accordingly, the Receiver, respectfully moves the Court to enter Final Judgments as requested by this motion and listed in Exhibit 1.

Dated: June 27, 2017

                                                   Respectfully submitted,

/s/ Irving M. Brenner
Kenneth D. Bell, Receiver (NC Bar No. 10800)
Irving M. Brenner (NC Bar No. 15483)
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 373-4620
(704) 373-8836 (fax)
kbell@mcguirewoods.com
ibrenner@mcguirewoods.com
*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon counsel of record with the Clerk of the court using the CM/ECF system, which will send notification to counsel of record in this action.

This the 27th day of June, 2017.

/s/ Irving M. Brenner
Irving M. Brenner (N.C. Bar No. 15483
McGUIREWOODS LLP
100 North Tryon Street, 29th Floor  (28202)
Post Office Box 31247
Charlotte, NC  28231
Telephone: (704) 343-2075
Facsimile:  (704) 373-8935
ibrenner@mcguirewoods.com

4

Case 3:14-cv-00091-GCM   Document 166   Filed 06/27/17   Page 4 of 4