## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

AUG 1 0 2017

US District Court
Western District of NC

KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,

        Plaintiff,

vs.

TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;

        Defendants.

No. 3:14-cv-91

## MEMORANDUM IN SUPPORT OF MOTION TO DECERTIFY CLASS

## STATEMENT OF FACTS

On February 1, 2015, this Court entered an Order on Receiver's Motion for Class Certification that certified the Defendant class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)(A) and (B). (Doc. No. 101).

1

An order certifying the class was never entered. However, a Consent Order Appointing Class Counsel was entered on September 14, 2015. (Doc. No, 125.) Said order appointed Kevin Edmundson, who was then counsel for four of the named Defendants, as class counsel. The order further provided that Edmundson would serve as Class Counsel until further order of the Court, with the caveat that it was not expected that Class Counsel would be engaged to represent the Net Winner Class following a finding, if any, of class liability. Said order also provided that Edmundson would receive compensation from the Receiver/Plaintiff of $35,000.00 for responding to dispositive motions for the class and that the named Defendants represented by Class Counsel would be obligated to fund their own response to the dispositive motion.

At the time of the Edmundson also represented ZeekRewards related defendants in parallel actions brought by the Plaintiff/Receiver. Said cases were Bell vs. Suzanna Dreyer, case no. 3:15-cv-196; Bell v. Peak USA, LLC, case no.: 3:15-cv-00233, and Bell v. Rockah, *et al.*, case no.: 3:15-cv-00193. See Exhibit "A"

On November 29, 2016, an Order on Receiver's Motion for Summary Judgment Against Remaining Named Defendants and Partial Summary Judgment Against Net Winner Class was entered. Said judgment in relevant part found that: "Despite engaging a defense expert to investigate the fundamental issue of whether or not ZeekRewards operated as a Ponzi scheme, Defendants have conceded that ZeekRewards was, in fact, a Ponzi Scheme.

2

A final judgment against the Defendant class of Defendant Class of Net Winners in ZEEKREWARDS.COM has not been entered.

## ARGUMENT

Federal Rules of Civil Procedure 23(c) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." A district court may decertify a class at any time. *Rodriguez v. West Publ'g Corp*, 563 F.3d 948, 966 (9th Cir 2009); *see Daenzer v. Wayland Ford, Inc.*, 210 F.R.D. 202, 204-05 (W.D. Mich. 2002) (district court may decertify a class even after a finding of liability). The standard is the same for class decertification as it is with class certification: a district court must be satisfied that the requirements of Rule 23(a) and (b) are met. *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 635 (S.D. Cal., 2015). In deciding whether to decertify a class, "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id.* (quoting *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982)).

A federal district court possesses broad discretion in determining whether to modify or even decertify a class. *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013). The court remains free to modify certification in light of subsequent developments in the litigation. *Id.* In fact, the court has an affirmative obligation to ensure that the class membership remains at all times consistent with the underlying facts and procedural posture of the case. *Id.*

3

The motion for decertification in this matter involved the adequacy of class counsel, part of the fourth requirement for class certification under Rule 23(a)(4). This fourth requirement provides that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement of adequate representation has two elements:

> First, the named plaintiffs' *counsel* must be qualified, experienced, and generally able to conduct the litigation. * * * (Second,) there must be no evidence of collusion or of conflicting interests between the named plaintiffs and members of the class. (Citation omitted.) Beyond this, a named plaintiff must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation. Wofford v. Safeway Stores, Inc., supra, 78 F.R.D., at 486-487.

*Sullivan v. Chase Inc. Servs. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978) (emphasis added); see *Brown v. Transurban U.S.A. Inc.*, 318 F.R.D. 560, 567 (E.D. Va. 2016) (adequacy requirements met if, inter alia, class counsel is qualified, experienced, and generally able to conduct the litigation; this inquiry serves to uncover conflicts of interest); *United States v. Trucking Employers Inc.*, 75 F.R.D. 682, 687 (D.D.C. 1977) (test for adequacy of representation in a defendant class is similar to that in cases involving plaintiff classes). A court has a continuing duty to ensure adequacy of representation and adequacy of class counsel in a class action suit, and the court may always decide to modify or decertify the class in the future. *In re Pharm. Indus. Average Wholesale Price Litigation*, 588 F.3d 24, 36 n.12 (1st Cir. 2009); *Key v. Gillette Co.*, 782 F2d 5, 7 (1st Cir. 1986); *Richards v. Fleet Boston Fin. Group*, 235 F.R.D. 165, 172 (D. Conn. 2006); see *Scott v.*

4

*Haworth*, 916 F.2d 916 F.2d 134, 139 (4th Cir. 1990) (an order certifying a class must be reversed if it becomes apparent, at any time during pendency of the proceeding, that class treatment of the action is inappropriate); *Stasny v. So. Bell Tel. & Tel.*, 628 F.2d 267, 273-76 (4th Cir. 1980).

The adequacy of counsel is considered under Rule 23(a)(4) and Rule 23(g). *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 664 (C.D. Cal. 2014). Class counsel's ability to fairly and adequately represent unnamed members of the class are "critical requirements in federal class actions under Rule 23(a)(4) and (g)." *Baumann v. Chase Inv. Serv. Corp.*, 747 F.3d 1117, 1122-23 (9th Cir 2004). Adequacy of class counsel is vital to protect the interests of absent class members. *Lou v. Ma Labs. Inc.*, No. C12-05409 W.H.A., 2014 WL 68605 at *2 (N.D. Cal Jan. 8, 2014). Courts have traditionally expressed particular concern for the adequacy of representation in a class because the judgment conclusively determines the rights of absent class members. *Eisen v. Carlisle & Jaquelin*, 391 F.2d 555, 562 (2d Cir. 1968); *Jacksaw Pontiac, Inc. v. Cleveland Press Pub. Co.*, 102 F.R.D. 183, 193 (N.D. Ohio 1984).

As stated in *Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986), one of the most important requirements for class certification is the adequacy of representation.

> This requirement is particularly important because the due process rights of absentee class members may be implicated if they are bound by a final judgment in a suit where they were inadequately represented by the named plaintiff. *Dierks v. Thompson*, 414 F.2d 453, 456 (1st Cir.1969); *see also Scott v. University of Delaware*, 601 F.2d 76, 85 (3rd Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979); *National Ass'n of Regional*

5

*Medical Programs, Inc. v. Mathews*, 551 F.2d 340, 346 (D.C.Cir.), *cert. denied*, 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *Helfand v. Cenco, Inc.*, 80 F.R.D. 1, 7 (N.D.Ill.1977). An essential ingredient of this requirement is that the class representative's attorneys be qualified to vigorously and adequately prosecute the interests of the class. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The court has an ongoing duty to make sure that this requirement is complied with at all stages of the litigation. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1124 (7th Cir.), *cert. denied, Oswald v. General Motors Corp.,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979); *Grigsby v. North Miss. Medical Center*, Inc., 586 F.2d 457, 462 (5th Cir.1978).

*Id.*, 782 F2d at 6.

Similarly, as stated, in *Lou*:

Adequacy of class counsel is vital to protect the interests of absent class members. Class counsel wield great power. Strategic decisions made by counsel to litigate and/or settle class claims have profound implications on the rights of absent class members. At best, absent class members' interests can be vindicated. At worst, litigation and settlement decisions can result in preclusion, collusion, and exclusion. It is thus critical that sufficient procedural and structural protections be enforced so that the interests of absent and putative class members are not abridged.

*Id.* at *2.

Such due process and other concerns are heightened even further in defendant class actions because absent defendant class members may incur liabilities rather than simply lose the right to bring a claim without a true "day in court." See *Ameritech Ben. Plan Comm. v. Commcn. Workers of Am.*, 220 F.3d 814, 820 (7th Cir. 2000), *cert. denied*, 531 U.S. 1127 (2001); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 588-89 (S.D. Ohio

1987); *Moffat v. UniCore Midwest Plan Group*, No. 04 C 5685, 2006 WL 897918, at *7 (N.D. Ill. Apr. 5, 2006).

Avoidance of conflicts of interest is a key component in determining the adequacy of class counsel. The duty of adequate representation requires counsel to represent the class competently and vigorously and without conflicts of interest with the class. *In re Pharm. Indus. Average Wholesale Price Litigation*, at n.12 (1st Cir. 2009) (citing, enter alia, *Anchem Prods. Inc. v. Windsor*, 521 U.S. 591, 626, n20 (1997). "The duty to avoid conflicts is serious. Class counsel are fiduciaries to the class." *Id.* The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel. *Sullivan*, 79 F.R.D. at 258; *Chateau de Ville Productions Inc. v. Tams-Witmark Music Library, Inc*, 474 F. Supp. 223, 226 (S.D.N.Y. 1979); see *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 n9 (3d Cir. 1973).

In the instant case, although this Court assumed class counsel's representation was adequate based on the Consent Order Appointing Counsel, such was not the case. See *Makaeff*, 309 F.R.D. at 635 (in deciding whether to decertify a class "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable"). Due to the inadequacy of class counsel, the due process rights of the net winner class were violated, and, thus, the Defendant class should be decertified. First the deemed class counsel, Kevin Edmundson, had conflicting interests throughout his tenure as Class Counsel. Namely Edmundson

7

represented and/or continues to represent other classes and/or other individual defendants in defense of substantially the same allegations in a different lawsuit filed by the Receiver/ Plaintiff. See Exhibit "A." Parallel representation may create a conflict of interest that renders counsel inadequate. *See In re Join E. and S. Dist. Asbestos Litigation*, 133 F.R.D. 425, 431 (S.D. N.Y. 1990) (citing cases). The general rule is that the time a complaint is filed determines whether the acceptance of proffered employment generated a conflict of interest. *Id.* at 432.

Here class counsel's representation of others in parallel actions must be deemed a conflict of interest rendering him inadequate. *See, e.g., Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (plaintiffs failed to satisfy adequacy-of-representation requirement for class certification in part because counsel for named plaintiffs also represented them in parallel state action and, thus, had a potential conflict of interest); *Lou* (class certification denied based, in part, on inadequacy of class counsel due to conflict as a result of parallel representation against same defendant); *Jacksaw Pontiac* (adequate representation requirement not satisfied, in part, because of counsel's parallel representation that constituted a conflict of interest).

Next, due to the insufficiency of funds for representation paid to Edmundson as class counsel and/or due to the insufficiency in the funds paid to the Defense experts by the Plaintiff/Receiver, there appears to have been no challenge made to the Defense expert's

8

inability to find evidence which definitively disproved that the business as a whole operated as a Ponzi scheme.

Specifically, the Defense expert stated repeatedly in his preliminary report that the scope of the work was changed to focus on the issue regarding the existence of the alleged Ponzi scheme and specifically excluded the review of individual ZeekRewards' affiliate information. The Defense expert further stated that although a portion of the Phase 1 Summary Report addressed the review and reconciliation of a sample of the individual Affiliate transactions, they were excluded from any further investigation related to individual Affiliates including, but not limited to, being excluded from the assessment of FTI's calculation of net winnings/losses on an individual Affiliate basis and a reconciliation of individual Affiliate transactions between the databases and third-party financial records. In addition, the Defense expert indicated that the work performed was further limited due to the absence of date dictionaries or operations manuals for Zeek Databases and the lack of access to Zeek employees to answer questions regarding the information contained in the databases. Moreover, the expert opined that FTI's reliance on the statistically small number of discrepancies is potentially flawed as it may be directionally biased in favor of the Net Loser Class. (Doc. 134-149). Edmundson, as Class Counsel, instead of vigorously arguing, through motions or otherwise, that the expert was unfairly limited and asking for an unhampered independent evaluation of the business, conceded that ZeekRewards was a

9

Ponzi scheme. Class Counsel conceded to the same without the authority of and contrary to the best interest of the defendant class, both named and unnamed.

The Class Counsel's lack of advocacy in obtaining a truly independent expert evaluation of the business ran afoul of the fair and adequate representation requirement. In addition, the material and unauthorized concession by class counsel that the business was a Ponzi scheme was detrimental to the defendant class and their defense. The same amounts to inadequate representation of class members. See *Commwlth. of PA. v. Local Union 542, Intern Union of Operating Engrs.*, 90 F.R.D. 389 (E.D. Pa. 1981) (defendant class decertified where representative could not adequately represent class members by reason of the obvious limited financial and legal capabilities of counsel); *Brown*, 318 F.R.D. 560, 568 (E.D. Va. 2016) (adequate representation requires counsel to vigorously protect interests of class); *Mann v. Acclaim Fin. Servs., Inc*, 232 F.R.D. 278, 285 (S.D. Ohio 2003) (adequate representation requires vigorous protection of interests of class through qualified counsel, who will not fail to investigate claims in pretrial discovery and present claims at trial); *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1332 (W.D. Wash. 2015) (when considering adequacy of class counsel, court considers the time and resources that counsel will commit to vigorously representing the class); *In re Seagate Tech. 11 Sec. Litigation*, 843 F. Supp. 1341, 1346 n2 (N.D. Cal. 1994) (adequacy of representation is guided by, inter alia, competency of class counsel and financial resources named representative possesses to devote to prosecution of action).

10

Thirdly, the class counsel, James Edmundson, Esquire, appears in fact to have only represented the class through the liability phase of the action. As such, given that there is no longer any actual representation of the class, the section 23(a) requisite is no longer being met. *See Daensor*, 210 F.R.D. at 204-05 (decertification warranted after finding of liability but before finding of damages).

## CONCLUSION

For all the foregoing reasons, the Motion to Decertify Class should be granted.

Respectfully submitted,

Edward M. Rourke, *pro se*

**I Hereby Certify** that a true and correct copy of the foregoing was sent via U.S. Mail to Irving M. Brenner at McGuire Woods, LLP., at 201 North Tryon Street, Suite 3000, Charlotte, NC. 28202 on this ___ day of August 2017.

Edward M. Rourke, *pro se*

1329 Portland Ave
Orlando, FL 32803
407 - 895 - 9594

11

 **PACER** Case Locator

🎧 **Browse Aloud**

**Civil Party Search**
Wed Aug 2 06:32:49 2017
4 records found

User:
Client:
Search: Civil Party Search Name Edmundson, James North Carolina Western Page: 1

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 Edmundson, James Kevin (aty) | ncwdce | 3:2015-cv-00193 | 890 | 05/01/2015 | 03/21/2017 |
| 2 Edmundson, James Kevin (aty) | ncwdce | 3:2015-cv-00233 | 890 | 05/26/2015 | |
| 3 Edmundson, James Kevin (aty) | ncwdce | 3:2015-cv-00196 | 890 | 05/04/2015 | 02/08/2017 |
| 4 Edmundson, James Kevin (aty) | ncwdce | 3:2014-cv-00091 | 890 | 02/28/2014 | |

Receipt 08/02/2017 06:32:49 294752369
User
Client
Description Civil Party Search
Name Edmundson, James North Carolina Western Page: 1
Pages 1 ($0.10)

Exhibit "A"

1 of 1                                                                          8/2/17, 7:33 AM