# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14cv91

| | |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>Defendants. | ORDER |

This matter is before the Court upon motion of Net Winner Class members Darlene Armel, Ronald Cox, Frank Scheuneman, Edward Rourke, Theresa Bridie, Marc Kantor, Paola Kantor, Tim Rice, Wayland Woods and two movants listed only as D.W. and T.H. (collectively "Movants") to intervene in this action and decertify the class or alter the Final Judgments issued. (Doc. No. 196). This matter has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

This Court certified the Net Winner Class (over the opposition of a number of net winners who were represented by counsel) on February 10, 2015, more than two and a half years ago. *See* Doc. No. 101. In the certification Order, the Court explained the basis for the certification of the Class and responded to the same concerns over commonality and alleged conflicts expressed in the Movants' motions. While acknowledging the challenges of a defendant class action and the due process concerns of those opposed to the Class, the Court concluded that "the Court is firmly convinced a class action is the only means to reasonably and efficiently resolve the Receiver's claims against 9,400 Net Winners." *Id*. at p.12.

Class Counsel Kevin Edmundson was appointed on September 14, 2015. The Court provided a 30 day period of time for objections to his appointment. None of the Movants (or any other net winner) expressed an objection to Mr. Edmundson based on his representation of other net winners, which was a matter of record and specifically stated in the Order appointing him Class Counsel. *See* Consent Order Appointing Class Counsel, Doc. No. 125 at pp. 2, 4. Subsequently, the Court authorized the defendant class to engage an expert witness, Berkeley Research Group ("BRG"), at the primary expense of the Receivership.

BRG was given an expansive opportunity to review the RVG records and ask questions of FTI, the Receiver's expert, but was unable to raise any material objections or evidence that challenges FTI's conclusions. In its initial report dated January 18, 2016, BRG agreed that it was able to "replicate the exhibits in the Turner Report [the Receiver's financial expert's report], within a reasonable margin of difference." Then, in its "Phase II" report, BRG reached two conclusions (bolded in the report):

**a) [B]ased upon a preliminary analysis, it does not appear that the magnitude of profit from the auction business would materially impact the assessment of whether or not the business, taken as a whole, operated as a Ponzi scheme.**

**b) As a result of our testing in Phase II, we have not found evidence that definitively disproves that the business as a whole operated as a Ponzi scheme.**

These findings on the existence of a Ponzi scheme were consistent with the findings of the Receiver's expert. In addition, the finding of the existence of a Ponzi scheme by all concerned was consistent with the guilty pleas and/or criminal convictions of those who ran the scheme.

On June 30, 2016, the Receiver moved for summary judgment against the named net winners on liability and damages and the Class on liability. While Class Counsel had no choice but to concede the existence of a Ponzi scheme based on the Defendants' expert report and the other facts in the record, Class Counsel vigorously opposed the Receiver's motion on other grounds. On November 29, 2016, the Court granted the Receiver's Motion for Summary Judgment.

Following entry of Summary Judgment on liability, the Court approved a process reached after consultation between the Receiver and Class Counsel that provided a fair and thorough process for determining the amount of each class member's net winnings. *See* Doc. No. 153. This process, to which none of the Movants or any Class member objected, included both an opportunity for Class members to dispute the amount of their net winnings to the Receiver and to present any unresolved dispute over the amount to a Special Master or, ultimately, to the Court. A number of the Movants participated in this process but stopped short of referring their disputes to the Special Master.

The Receiver's Motion seeking Final Judgments against the remaining Movants who chose not to disagree with the amount of their net winnings or for whom the Receiver accepted

their alternate amount was filed on June 27, 2017 (Doc. No. 166). In the Notice by the Court related to the Receiver's June 27 motion (Doc. No. 167), the Court stated that "[t]he Court expects to rule on the Receiver's Motion and enter Final Judgments as appropriate on or after July 31, 2017." Final Judgments were accordingly entered on August 14, 2017. Movants filed the present motion on September 11, 2017. Therefore, despite being on notice that any filing challenging the Receiver's motion seeking Final Judgments should have been made before July 31, 2017, Movants failed to do so.

**DISCUSSION**

As members of the Net Winner Class, the Movants may seek to alter or amend the certification of the Class "before final judgment." *See* Fed. R. Civ. Proc. 23(c)(1)(C). While Final Judgment has already been entered against a number of the Movants, Judgment has not been entered against at least two of the Movants. Therefore, those Movants, as Class members, may seek decertification of the Class. Because one or more Movants can seek decertification as members of the Class the issue of "intervention" under Rule 24 is moot and need not be reached by the Court.

The Movants seek to decertify the Net Winner Class on the grounds that Class Counsel has not adequately protected the interests of the members of the Class. Movants criticize class counsel for "unnecessarily conced[ing] the existence of a Ponzi scheme," "not depos[ing] the Receiver's expert" or "challeng[ing] the [expert's] findings," and not "vigorously arguing…that [the expert's]…calculations were…flawed and unreliable." (Doc. No. 197 at pp. 12-13). These criticisms are nothing less than an attempt to second guess the strategic choices made by counsel as to the best arguments to make or investigation to pursue. This includes the decision of counsel to concede the existence of a Ponzi scheme in the face of not only overwhelming

4

financial evidence but also the guilty pleas and criminal convictions of those who operated the scheme. Class counsel has submitted a Declaration summarizing his work and addressing these criticisms. (Doc. No. 222-1).

Courts are in agreement that "speculation as to the basis for certain strategic decisions made by counsel for the Class…is not a sufficient basis to show that counsel for the Class is not adequate." *Morales v. Kraft Foods Grp., Inc.*, LA CV14-04387 JAK (PJWx), 2017 WL 2598556 at *29 (C.D. Cal. June 9, 2017); *see also In re Community Bank of Northern Virginia*, 622 F.3d 275, 305 (3d Cir. 2010), as amended (Oct. 20, 2010) ("[r]epresentation is not inadequate simply because [an attorney denied appointment as class counsel]…ha[s] different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy") (citation omitted); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (a "mere disagreement over litigation strategy ... does not, in and of itself, establish inadequacy of representation." ). The Court finds that class counsel has adequately represented the Class in accordance with the facts and applicable law.

In addition to arguing that class counsel was inadequate, Movants contend that potential conflicts existed where class counsel represented a member of the Class in another action related to the Ponzi scheme. Courts have generally held that the mere existence of parallel representation does not create an insurmountable conflict of interest. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 429-30 (3d Cir. 2016) (finding no conflict of interest when a lawyer represented a subclass for future claimants of injury and also represented nine plaintiffs with current symptoms in two separate lawsuits against the defendant); *Sandoval v. M1 Auto Collisions Centers*, 309 F.R.D. 549, 569 (N.D. Cal. 2015) ("class counsel will not necessarily be disqualified merely for representing another class against

the same defendants"); *Mehl v. Canadian Pacific Railway Ltd*., 227 F.R.D. 505, 515 (D.N.D. 2005) ("Most courts have held that class counsel may represent more than one class against the same set of defendants") (citing *Dietrich v. Bauer*, 192 F.R.D. 119 (S.D.N.Y. 2000)).

Further, Courts are in general agreement that "speculative" conflicts resting on "string[s] of suppositions…do not preclude a finding that class counsel is adequate." *In re BearingPoint, Inc. Securities Litigation*, 232 F.R.D. 534, 541 (E.D. Va. 2006); *see also Sandoval*, 309 F.R.D. at 569 (finding that the purported conflict of interest did not merit disqualification in part because the conflict was "illusory and speculative"); *Clark v. TAP Pharmaceutical Prods., Inc*., 798 N.E.2d 123, 134 (Ill. App. 2003) ("the potential conflicts are speculative at this time and do not render counsel inadequate"); *Sheftelman v. Jones*, 667 F. Supp. 859, 865 (N.D. Ga. 1987). The Court finds that Movants' arguments herein as to purported conflicts are entirely speculative and do not render Class counsel inadequate.

Movants make other arguments regarding issues that they contend require decertification. However, these issues have either already been addressed by the Court after extensive adversarial briefing, reflect Movants' misunderstanding of the facts, or disregard the fact that affiliates have been given the opportunity to dispute any portion of the claims against them.

Finally, courts are appropriately reluctant to decertify classes in late stages of litigation. Indeed, "the Court may not disturb its prior [certification] absent some significant intervening event or a showing of compelling reasons to reexamine the question." *See Doe v. Karadzic*, 192 F.R.D. 133, 136-37 (S.D.N.Y. 2000) (internal citations omitted). The Net Winner Class herein has been certified for over two and a half years. There have been over 2500 settlements of Class member claims in reliance on these proceedings as well as an extensive process to determine the merits of the action both for liability and damages. This action has proceeded publicly with Class

members having the opportunity both to oppose the processes ordered by the Court (which they did not do) and to participate directly on their own behalf (which some did and some did not). There has been no significant intervening event or a showing of compelling reasons to reexamine class certification.

IT IS THEREFORE ORDERED that Movants' Motion to Intervene (Doc. No. 195) and Motion to Decertify Action as a Class Action and, Alternatively, to Alter or Vacate Final Judgment (Doc. No. 196) are hereby DENIED.

Signed: January 4, 2018

Graham C. Mullen
United States District Judge