IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW E. ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br><br>                **Plaintiff,**<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>                **Defendants.** | **ORDER**<br><br>No. 3:14-cv-91 |

This matter is before the Court upon the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations, filed August 28, 2019. (Doc. No. 258). Ninety-seven of the Net Winners failed to respond to the Receiver's motion after the Court's issuance of a *Roseboro* notice, and the Court entered an Order on December 3, 2019 granting the Receiver's motion as to these Net Winners. (Doc. No. 316). Defendant Daryl M. Clarke filed a *pro se* response in opposition to the Receiver's motion (Doc. No. 297), and the Receiver filed a Reply (Doc. No. 308). This Order addresses the Receiver's motion as to Clarke only.

The factual background of the ZeekRewards Ponzi scheme is set forth in detail in the

1

Summary Judgment Order entered on December 29, 2016 (the "2016 Summary Judgment Order") in favor of the Receiver against the named Defendants in this action. (Doc. No. 142). In the same Order, the Court also granted summary judgment against the Net Winner Class as to all liability issues.[1] These judgments were finalized in the Final Judgment Order. (Doc. No. 148).

The only remaining issue left to resolve in this case is the actual amount of money that each of the remaining members of the Net Winner Class is required to return. To facilitate resolution of this issue, the Court entered an Order on Process for Determining the Amount of Final Judgments against Net Winner Class Members ("Process Order"). (Doc. No. 153). The Process Order provided a procedure allowing Net Winners to dispute the calculations offered by the Receiver, including recourse to a special master to adjudicate disputes concerning the amounts of net winnings. Defendant Clarke did not seek referral to the special master appointed by the Court.

It is well-settled that "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citing Fed. R. Civ. P. 56(e), *Matsushita Elec. Indus. Co.*, 475 U.S. 574 586-87 (1986)). Where the party opposing summary judgment fails to respond to a summary judgment motion with evidence demonstrating the existence of a genuine dispute of material fact, summary judgment is appropriate. *See Bouchat*, 346 F.3d at 525 (affirming award of summary judgment for defendants where plaintiff "failed to offer any nonspeculative evidence demonstrating the existence of a genuine dispute of material fact"); *Dash v.*

---

[1] Certain members of the Defendant class appealed the Court's 2016 Summary Judgment Order. Despite finding that this Court had erred in certain respects, the Fourth Circuit nonetheless affirmed. *See Bell v. Brockett*, 922 F.3d 502 (4th Cir. 2019).

*Mayweather*, 731 F.3d 303, 333 (4th Cir. 2013) (affirming award of summary judgment for defendant where plaintiff failed to provide nonspeculative evidence of damages); *see also* Process Order (Doc. No. 153) at ¶ 5 (specifying that responding class members must provide a specific alternative calculation supported by evidence, and that "in responding to the Receiver's calculation of their Net Winnings, the Net Winners must "set forth specific facts that go beyond the mere existence of a scintilla of evidence." (citing *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013))).

Defendant Clarke's only response to the Motion appears to be that Clarke has "not received any information about this ZeekRewards case for over 1 year." This unsupported statement does not provide or identify any evidence showing a genuine dispute as to a material fact. As a result, it is insufficient to prevent summary judgment in the Receiver's favor. Accordingly,

IT IS THEREFORE ORDERED that the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations is hereby GRANTED as to Defendant Clarke in the amount of $35,987.21.

Signed: January 9, 2020

Graham C. Mullen
United States District Judge