IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW E. ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br>    Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>    Defendants. | ORDER<br><br>No. 3:14-cv-91 |

    This matter is before the Court upon the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations, filed August 28, 2019. (Doc. No. 258). Ninety-seven of the Net Winners failed to respond to the Receiver's motion after the Court's issuance of a *Roseboro* notice, and the Court entered an Order on December 3, 2019 granting the Receiver's motion as to these Net Winners. (Doc. No. 316). Defendants Brett Gurney, Darlene Armel, and Damon Welch timely filed a memorandum in opposition to the Receiver's motion (Doc. No. 262), and the Receiver filed a Reply (Doc. No. 266). This Order addresses the Receiver's motion as to these three Net Winners only.

1

The factual background of the ZeekRewards Ponzi scheme is set forth in detail in the Summary Judgment Order entered on December 29, 2016 (the "2016 Summary Judgment Order") in favor of the Receiver against the named Defendants in this action. (Doc. No. 142). In the same Order, the Court also granted summary judgment against the Net Winner Class as to all liability issues. These judgments were finalized in the Final Judgment Order. (Doc. No. 148). Certain members of the Defendant class appealed the Court's 2016 Summary Judgment Order, arguing, *inter alia*, that this Court erred in (1) failing to appoint class counsel at the time of certification and (2) failing to consider the factors set forth in Fed. R. Civ. P. 23(g). *See Bell v. Brockett*, 922 F.3d 502, 510 (4th Cir. 2019). The appellants appealed the final judgments that had already been entered, as well as "all rulings and statements that contributed" to these final orders, "including the orders denying the . . . motions to decertify the class." *Id*. Although the Fourth Circuit agreed that this Court erred in not appointing class counsel at the time of class certification and in "failing to apply the Rule 23(g) factors" in naming class counsel, the Court of Appeals nonetheless affirmed all of this Court's orders—including the 2016 Summary Judgment Order, the Process Order (Doc. No. 153), and this Court's January 2, 2018 Order denying a motion to decertify the class—in light of the "unique circumstances of the case." *Bell*, 922 F.3d at 514. The Fourth Circuit noted that the errors regarding class counsel were not raised before this Court even when several members of the class (including Armel) moved to decertify the class. *Id*. at 512. The Court of Appeals held that their failure to object had allowed the litigation to progress to "an extent that it would be difficult if not impossible to remedy the errors" that had been raised belatedly on appeal. *Id*. at 513.

The only remaining issue left to resolve in this case is the actual amount of money that each of the remaining members of the Net Winner Class is required to return. To facilitate

resolution of this issue, the Court entered the Process Order[1] which provided a procedure allowing Net Winners to dispute the calculations offered by the Receiver, including recourse to a special master to adjudicate disputes concerning the amounts of net winnings. Although the Receiver followed the process set forth in the Process Order, it resulted in no final settlements, and no defendant sought referral to the special master appointed by the Court. Twenty-two Net Winners proposed alternative calculations that the Receiver found acceptable, and the Court has included these individuals in its Order of December 3. The remaining 97 Net Winners offered varying responses to the notices sent by the Receiver of their net winning amounts, none of which complied with the Process Order. Some submitted responses that failed to comply with the Process Order because they failed to provide a non-zero "alternative calculation" of their Net Winnings for the Receiver to examine. Some submitted disputes based on grounds previously rejected by this Court, for example, by denying liability. Some failed to submit any evidence corroborating their claim as part of their response. Defendant Gurney proposed an alternative calculation of zero, disputed the interest rate ordered by the Court and claimed he was not liable because he paid income taxes on the money—arguments this Court had previously rejected. Defendants Welch and Armel both submitted self-serving statements denominated as "affidavits" which provided alternative net winnings amounts but did not supply any supporting evidence.

The Receiver has now moved for summary judgment as to the remaining members of the net winner class against whom judgment was not previously entered. Defendant Class Members Gurney, Armel, and Welch ("Disputing Net Winners") have objected to entry of judgment against them. They argue that any judgments against them would violate their constitutional rights to due process because of the Court's failure to appoint class counsel at the time of class

---

[1] Contrary to the Disputing Net Winners' assertion, class counsel represented the class at that time. *See* Motion for Process Order (Doc. No. 152 at p. 6).

certification, the Court's failure to conduct the Rule 23(g) inquiry prior to entry of the order appointing class counsel, and the absence of adequate representation at all times throughout the class action proceeding.

Summary judgment is appropriate under Fed. R. Civ. P. 56(a) if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." While courts will "view the evidence in the light most favorable to the nonmoving party, that party must produce evidence that goes beyond "[c]onclusory or speculative allegations" and rel[y] on more than a "mere scintilla of evidence" to withstand summary judgment." *Hodgin v. UTC Fire & Security Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018) (citations omitted).

The arguments raised by the Disputing Net Winners have already been considered and rejected by the Fourth Circuit. Although the Disputing Net Winners attempt to argue that the Fourth Circuit's decision should not apply to them because final judgments have not yet been entered against them, their arguments are not persuasive. The fact remains that the Fourth Circuit has already considered and rejected their arguments, and this Court cannot grant the relief they seek without undermining its previous rulings, as well as the decision of the Fourth Circuit.

The Court also notes that the Disputing Net Winners cannot be heard to complain that they lacked an opportunity for an individualized determination of damages and an opportunity to be heard and defend against the proposed calculations of the Receiver. Although referral to the Special Master for an individualized determination of damages was available, none of the Disputing Net Winners requested it. Moreover, even at this point in the proceedings, despite having engaged counsel and opposed the Receiver's motion, none of the Disputing Net Winners have submitted any evidence to rebut the Receiver's calculation of damages. Where the party opposing summary judgment fails to respond to a summary judgment motion with evidence

demonstrating the existence of a genuine dispute of material fact, summary judgment is appropriate. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (affirming award of summary judgment for defendants where plaintiff "failed to offer any nonspeculative evidence demonstrating the existence of a genuine dispute of material fact"); *Dash v. Mayweather*, 731 F.3d 303, 333 (4th Cir. 2013) (affirming award of summary judgment for defendant where plaintiff failed to provide nonspeculative evidence of damages); *see also* Process Order at 3 ¶ 5 (specifying that responding class members must provide a specific alternative calculation supported by evidence, and that "in responding to the Receiver's calculation of their Net Winnings, the Net Winners must "set forth specific facts that go beyond the mere existence of a scintilla of evidence." (citing *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013))).

Here, the Disputing Net Winners' Response does not even attempt to show that a genuine dispute of material fact exists. They have filed no declarations or affidavits, offered the Court no evidence, and indeed, not even addressed the merits of the Receiver's Motion, which concerns the calculations of their net winnings made by the Receiver pursuant to the Process Order. *See Bell*, 922 F.3d at 508, 514. Nowhere does the Response contend that any of the individual calculations made against the Disputing Net Winners are incorrect, or that the Receiver failed to adhere to the procedures required by the Process Order.

Because the Disputing Net Winners merely rehash arguments already considered and rejected by the Fourth Circuit and because they do not even attempt to satisfy their burden in opposing summary judgment, the Court will grant summary judgment to the Receiver.

5

IT IS THEREFORE ORDERED that the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations is hereby GRANTED as to Defendants Gurney, Armel, and Welch only in the following amounts: Gurney - $310,730.63; Armel - $297,218.84; and Welch - $1,082,091.03.

Signed: January 10, 2020

Graham C. Mullen
United States District Judge