IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW E. ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com,<br>     Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>     Defendants. | **AMENDED ORDER**<br><br>No. 3:14-cv-91 |

   This matter is before the Court upon the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations, filed August 28, 2019. (Doc. No. 258). Net Winner Defendant Ellen Averill requested several extensions of time to respond to the Receiver's Motion, each of which the Court granted. On January 13, 2020, the Court granted Ms. Averill's last request for extension, indicating that it would be last extension of time that the Court would allow. Ms. Averill's response was due February 12, however, no response was filed.

1

It is well-settled that "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citing Fed. R. Civ. P. 56(e), *Matsushita Elec. Indus. Co.*, 475 U.S. 574 586-87 (1986)). Where the party opposing summary judgment fails to respond to a summary judgment motion with evidence demonstrating the existence of a genuine dispute of material fact, summary judgment is appropriate. *See Bouchat*, 346 F.3d at 525 (affirming award of summary judgment for defendants where plaintiff "failed to offer any nonspeculative evidence demonstrating the existence of a genuine dispute of material fact"); *Dash v. Mayweather*, 731 F.3d 303, 333 (4th Cir. 2013) (affirming award of summary judgment for defendant where plaintiff failed to provide nonspeculative evidence of damages); *see also* Process Order (Doc. No. 153) at ¶ 5 (specifying that responding class members must provide a specific alternative calculation supported by evidence, and that "in responding to the Receiver's calculation of their Net Winnings, the Net Winners must "set forth specific facts that go beyond the mere existence of a scintilla of evidence." (citing *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013))).

Having failed to respond to the Receiver's Motion, the Court will grant such motion as against Defendant Ellen Averill.

IT IS THEREFORE ORDERED that the Receiver's Motion for Summary Judgment against Remaining Defendants Disputing Receiver's Net Winnings Calculations is hereby

GRANTED as to Defendant Averill in the amount of $347,096.50.[1]

Signed: April 21, 2020

Graham C. Mullen
United States District Judge

---

[1] This amount reflects that Ms. Averill was a Net Winner through two separate accounts: primary username YOYOSAM (winnings of $49,503.76) and primary username ELLENA (winnings of $297,592.74).