IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:14-CV-91

| | |
|---|---|
| KENNETH D. BELL, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, and NATIONWIDE JUDGMENT RECOVERY, INC., as successor in interest to the Final Judgments entered against Net Winners,<br><br>Plaintiff,<br><br>v.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>Defendants. | **NATIONWIDE JUDGMENT RECOVERY INC.'S RESPONSE IN OPPOSITION TO NET WINNER LULU YANG'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO RULE 60(b)(6)** |

Nationwide Judgment Recovery, Inc. ("Nationwide"), as successor in interest to the Final Judgments entered against Net Winners, including the Final Judgment entered against Defendant Lulu Yang ("Yang" or "Movant"), hereby submits this Response in Opposition to Yang's Motion to Set Aside Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (the "Motion").

## I. INTRODUCTION

Nearly five years ago, this Court entered a Final Judgment against Yang. She now seeks relief pursuant to Fed. R. Civ. P. 60(b)(6), asking this Court to overturn the Final Judgment due to a claim of identity theft. This effort fails, for several reasons. First, Yang invokes Rule 60(b)(6) motion – rather than relying on the more applicable 60(b)(1) or 60(b)(3)) – in an effort to avoid the one year limitations period prescribed by Rule 60(c)(1). But this end-run is forbidden by clear case law. Second, Yang's motion is not brought within a "reasonable time" as required by Rule 60(b)(6), as Nationwide's records demonstrate that she has been receiving calls and letters concerning the Final Judgment since at least the beginning of 2020. Third, this delay risks unfairly prejudicing Nationwide, as Yang is essentially asking to re-litigate this case to obtain a different Final Judgment. Lastly, Nationwide's records do not corroborate her protestations that she is a victim of identity theft. All of these reasons necessitate denial of Yang's Motion. If she has truly been a victim of identity theft, Yang must pursue her claim against the actual identity thief rather than seeking to overturn a judgment that is nearing its fifth birthday.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As this Court is well aware, ZeekRewards was an enormous and complicated Ponzi scheme centered in Lexington, North Carolina. *See* E.C.F. No. 139 (granting summary judgment against the Net Winner class in favor of the Receiver). This Court was the forum for an SEC-sponsored by an appointed Receiver[1] tasked with recouping the proceeds of the scheme obtained by "Net Winners" (i.e., those whose gains from the scheme exceeded the amounts they had

---
[1] The original receiver was Kenneth Bell, who was succeeded by Matthew Orso when Bell became a judge of the United States District Court for the Western District of North Carolina.

"invested") that had obtained more than $1,000 in profit. *Id.*; *see also Bell v. Brockett*, 922 F.3d 502, 505 (4th Cir. 2019) (affirming this Court's certification of the Net Winner Class).

Defendant Yang was one of the thousands of Net Winners this Court issued a Final Judgment against on August 14, 2017. *See* ECF No. 179-1, at p. 3,785 (the Final Judgment issued by this Court against Yang). This, like the other outstanding Final Judgments issued against Net Winners, was purchased by and assigned to Nationwide, allowing the Receiver to begin distributing funds to the victims of the ZeekRewards scheme. *See* Assignment of Judgment, attached hereto as Ex. **A**.

Yang has joined a rash of Net Winners seeking to overturn the Final Judgment issued against her more than four years ago. Federal Rule of Civil Procedure 60, which Yang seeks to rely on, was never intended to provide a defendant a vehicle for contesting a judgment so long after it was issued. It does not assist Yang in this instance, and the Final Judgment is required to stand.

### III. ARGUMENT

#### a. Standard of Review

Fed. R. Civ. P. 60(b) allows a party to obtain relief from a judgment upon a showing of extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides for relief "for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence…;

3) fraud…;

4) the judgment is void;

5) the judgment has been satisfied…; or

> 6) any other reason that justifies relief."

The rule is very narrow, requiring movants to seek relief within a reasonable time "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

Yang invokes Fed. R. Civ. P. 60(b)(6), a "catch-all" provision allowing the Court to provide relief when it is not provided for by another clause "whenever such action is appropriate to accomplish justice." *Potter v. Mosteller*, 199 F.R.D. 181, 185 (D.S.C. 2000). Parties may not rely on 60(b)(6) when one of the other provisions subject to the year-long limitations period would otherwise have applied. *Home Portal Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) ("A litigant may not move for relief under Rule 60(b)(6) in order to circumvent the applicable time limits on motions under other subjections of Rule 60(b)); *Bralley v. Carey*, Civil Action No. 3:10-cv-138, 2021 WL 1235374, at *4 (E.D. Va. March 31, 2021) (citations omitted); *see also Berber v. Wells Fargo, NA*, No. 20-13222, 2021 WL 3661204, at *2 (11th Cir. Aug. 18, 2021) ("Rule 60(b)(6) is a residual clause that applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)") (citations omitted).

### b. Yang's Motion is Untimely

#### i. *Yang's Motion is Subject to the One-Year Limit Provided by Fed. R. Civ. P. 60(c)(1)*

As discussed above, Yang may not seek relief under Rule 60(b)(6) in an effort to circumvent the year long limitations period imposed upon its first three provisions. *Bralley*, 2021 WL 1235374, at *4. Yang claims that her identity was stolen and used to open the ZeekRewards account that allowed her to recoup her Net Winnings. Courts throughout the country have held that "identity theft" squarely falls into the first three reasons for seeking relief. *Id.* at *4 (finding that it fell under either the first or second provisions of Rule 60(b)); *Berber*,

2021 WL 3661204, at *2 (finding that it fell under the third); *Nunez v. Silber*, 1:18-CV-0892 (CM), 2021 WL 4553912, at *1-2 (S.D.N.Y. Oct. 4, 2021) (finding that it fell under the first three). Even the cases that Plaintiff cites to do not show "identity theft" being used a justification for relief under Rule 60(b)(*6*). *See Flores v. Koster*, Civil No. 3:11-CV-0726-M-BH, 2012 WL 6850724 (N.D. Tex. Dec. 19, 2012) (seeking relief pursuant to Fed. R. Civ. P. 55(c)); *Sunbridge Capital, Inc. v. Lumsden*, Civil Action No. 1:08-CV-0456-RWS, 2009 WL 1035244 (N.D. Ga. Apr. 15, 2009) (same); *Logansport/Cass County Airport Authority v. Kochenower*, 169 N.E.3d 1143, 1147 (Ind. Ct. App. 2021) (brought under the state-law equivalent of Rule 60(b)(1)).

Here, Yang claims that she was surprised by the judgment due to the identity theft purportedly committed against her. This is either "surprise…or excusable neglect" within the meaning of 60(b)(1) or, alternatively, "newly discovered evidence" within the meaning of Rule 60(b)(3), both of which are subject to the year long limitations period provided by Fed. R. Civ. P. 60(c)(1). Yang's motion is accordingly untimely and may not be considered by this Court.

None of this is to suggest that Yang has no recourse if her allegations are true, either. If Yang's stepfather stole her identity and used it to open the account that resulted in the Final Judgment, then Yang may pursue compensation from the identity thief. But, Yang may not at this late stage overturn the Final Judgment – a valid judgment issued by this Court that allowed the Receiver to recover net winnings to compensate net losers in ZeekRewards.

> **ii.** *Even If Yang's Motion was Not Subject to this One-Year Limit, it would Still Be Time-Barred*

Even *if* Yang's motion had been properly brought pursuant to Rule 60(b)(6) (and it is not), it would still be untimely. Movants are required to demonstrate that they have brought their motion for relief within the "reasonable time" applicable to Rule 60(b)(6). *McLawhorn v. John*

*W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). "What constitutes a reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties." *Dietsch v. U.S.*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998).

Yang cannot make this showing. On April 29, 2021, Nationwide received correspondence from an attorney at the firm GOC Legal, PC who was representing Yang. *See* Declaration of David S. Goldberg ("Goldberg Decl."), attached hereto as Ex. **B,** at ¶ 5. This letter included an unredacted copy of a complaint that Yang had submitted to the FTC (the "FTC Report"). Despite her contention that she did not reside there in 2021, the FTC Report filed by Yang indicated that Yang lived at 115 Habitat Terrace in 2021, which contradicts the affidavit she filed with her Motion. *Compare id.* at ¶ 6 *with* Mot. at Ex. A, ¶ 13. Nationwide sent two letters to the Habitat Terrace address, one in January of 2020, and one in October of 2020. Goldberg Decl., Ex. B, at ¶ 9.

The FTC Report also provided Yang's phone number. *Id.* at ¶ 10. Nationwide's records show that it called Yang at this number a total of 19 times in 2020 and 7 times in 2021. *Id.* at ¶¶ 11-12. Based on these records, Yang waited nearly two years *after* Nationwide began contacting her using a phone number she has *admitted* belongs to her to contest the Final Judgment. Neither the Motion nor the accompanying information provide any justification for this delay, which cannot be reasonable in these circumstances.

    **c. Yang Cannot Show Rule 60(b)(6) Applies**

Yang is correct in stating that, to demonstrate that relief under Rule 60(b)(6) is justified, a movant "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack

of unfair prejudice to the opposing party." *United States v. Ferguson*, Crim. No. 3:04cr13, 2021 WL 1701917, at *1 (E.D. Va. Apr. 29, 2021) (citing *Coleman v. Jabe*, 633 Fed. App'x 119, 120 (4th Cir. 2016). The Motion, however, fails to demonstrate the existence of either a lack of "unfair prejudice" or "a meritorious claim or defense."

### i. *Yang's Delay Unfairly Prejudices Nationwide*

Contrary to her protestations in the Motion, as discussed above, Nationwide's internal research demonstrates that Yang waited nearly two years *after* Nationwide began contacting her at her correct address to contest the Final Judgment issued against her. In this time, the Final Judgment has been sold to Nationwide, who would then have to re-pursue and re-litigate this already decided case in order to obtain another Final Judgment to replace it. Additional litigation has been recognized as the kind of unfair prejudice that justifies denying a motion brought under Rule 60(b)(6). *See, e.g. in re McCain*, 353 B.R. 452 (E.D. Va. 2006).

This concern is particularly exacerbated here, because Nationwide is simply an *assignee* of the judgment – it is unclear whether Nationwide would have standing to pursue a *new* claim against Yang's stepfather. The Receiver was allowed to step into the shoes of ZeekRewards for the purpose of recouping losses on behalf of Net Winners. Nationwide is not in that same situation, and it is not clear that it *personally* has suffered an injury-in-fact from the ZeekRewards Ponzi scheme sufficient to meet the requirements of Article III standing. *See Beck v. McDonald*, 848F.3d 262, 269 (4th Cir. 2017) (discussing the requirements for showing Article III standing). It is not even clear that the *Receiver* could (or indeed would) pursue this judgment further, as the Receiver has already been paid by Nationwide for the judgment that Yang seeks to void.

122830510v1

Case 3:14-cv-00091-GCM   Document 1442   Filed 01/14/22   Page 7 of 9

The relief that Yang is asking for runs a significant risk of leaving Nationwide with no ability to continue to pursue the judgment that it has paid for and was validly assigned. Further, there is no contention that any part of this has been caused by any action taken by Nationwide. Because of this, and Yang's delay in bringing the Motion, the Motion should be denied on the grounds of unfair prejudice.

### ii. *Yang Fails to Show a Meritorious Defense*

Motions for relief under Rule 60(b)(6) cannot be granted unless "the material offered in support of [the Motion is] highly convincing." *Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 252 (W.D. Va. 1999) (quoting from *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)). The Motion fails to make that showing, because Yang's claims of identity theft are not borne out by the factual record Nationwide has on Yang. These records demonstrate that both Yang's mother and stepfather *also* enrolled in ZeekRewards and *also* had substantial Final Judgments issued against them. *See* Goldberg Decl., Ex. B, at ¶ 14. Yang was the *first* member of her family to enroll, which would be odd if her stepfather had, in fact, stolen her identity to increase his potential payout from ZeekRewards. *Id.* at ¶¶ 13-15. Further, Yang's affidavit is unreliable. Yang claims in her affidavit that she did not reside at 115 Habitat Terrace. *See* Mot., Ex. A at ¶ 13. However, she listed that as her home address in a complaint that she submitted to the FTC. *See* Goldberg Decl., Ex. B, at ¶¶ 6-8. These records cast significant doubt on the story that she has told, meaning that it cannot be "highly convincing" sufficient to justify relief pursuant to Rule 60(b)(6). *Holland*, 188 F.R.D. at 252.

122830510v1

Case 3:14-cv-00091-GCM   Document 1442   Filed 01/14/22   Page 8 of 9

## IV. CONCLUSION

For these reasons, and all others to be discussed at a hearing, Plaintiff requests that the Motion be denied.

*/s/ Joshua D. Davey*
Joshua D. Davey (N.C. Bar No. 35246)
Jacob R. Franchek (N.C. Bar No. 52138)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
704.916.1503 (direct)
Joshua.davey@troutman.com
Jacob.franchek@troutman.com

*Counsel for Nationwide Judgment Recovery Inc.*