IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, and NATIONWIDE JUDGMENT RECOVERY, INC., as successor in Interest to the Final Judgments entered against Net Winners,<br>              Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br>              Defendants. | No. 3:14-cv-91<br>ORDER |

      This matter is before the Court upon Net Winner James K. Larson's pro se Motion to Set Aside Judgment. (Doc No. 1631). The successor in interest to the Final Judgments entered against Net Winners, National Judgment Recovery, has responded to Mr. Larson's motion and no Reply has been filed. Accordingly, this motion is ripe for disposition.

      Mr. Larson seeks to have the Final Judgment issued against him five years ago set aside, claiming that he never received notice. After the Net Winner Class in this case was certified, this Court entered a Process Order designed to (1) provide Net Winners with notice that they were

1

members of the Net Winner class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings. *See* Doc. No. 153 at 2. The Process Order required the Receiver to provide notice to all persons that he believed were part of the Net Winner Class with notice "by email to the email address provided by the net winner in connection with any account" with ZeekRewards "as well as any other email address that has been provided by the net winner." *Id.* at 2, ¶ 3. "In the event that the notice [could not] be delivered to any email address provided by the Net Winner," the Receiver was required to "send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings." *Id.* The Receiver was also required to "post a link on the Receivership website" that allowed Net Winners to access all this information. *Id*. All Net Winners were provided with an opportunity to contest their membership in the Net Winner class as well as the Receiver's calculation of their Net Winnings. *Id*. at 3, ¶ 5. The Fourth Circuit approved of the Process Order, concluding that it "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514, n. 8 (4th Cir. 2019).

Mr. Larson's motion does not cite to any authority justifying the relief he seeks, but because he denies ever receiving notice, the Court will consider his motion under Fed. R. Civ. P. 60(b)(4). Section (b)(4) permits a "void" judgment to be set aside upon a showing of extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). This is an extremely high standard, and relief may be granted "only when there is a total want of jurisdiction and no arguable basis on which [the

2

court] could have rested a finding that it had jurisdiction." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

In a defendant class action, neither personal service nor actual notice to members of the defendant class is required. *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) ("the standard governing" due process in a defendant class action "is not actual notice to each party intended to be bound by the adjudication of a representative action"). Instead, the court in a defendant class action must ensure that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950)).

Here, the Court required the Receiver to effect notice in three separate ways: via email, via mail, and via the receivership website. The Fourth Circuit affirmed this approach, holding that it "provided a process by which damages could be individually challenged and litigated." *Bell*, 922 F.3d at 514 n.8. It is undisputed that the Receiver complied with the Process Order. By all measures, this was an effort to provide notice that was "reasonably calculated, under all the circumstances," to apprise Larson of the proceedings and provide him an opportunity to present evidence concerning the claims he now seeks to make. *Integra*, 262 F.3d at 1110. As the Fourth Circuit recognized, these procedures satisfied due process requirements. *Bell*, 922 F.3d at 511 n.3, 514 n.8. Larson is therefore bound by the Judgment.

IT IS THEREFORE ORDERED that the Motion to Set Aside Judgment (Doc No. 1631) is hereby DENIED.

Signed: July 11, 2022

Graham C. Mullen
United States District Judge