IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MATTHEW ORSO, in his capacity as court-appointed Receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com, and NATIONWIDE JUDGMENT RECOVERY, INC., as successor in Interest to the Final Judgments entered against Net Winners,<br>      **Plaintiff,**<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>      **Defendants.** | No. 3:14-cv-91<br>**ORDER** |

   This matter is before the Court upon Net Winner "Douglas-Ray:Sullivan's" pro se Motion to Vacate pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Doc No. 1582). The successor in interest to the Final Judgments entered against Net Winners, National Judgment Recovery, has responded to Mr. Sullivan's motion and a Reply has been filed. Accordingly, this motion is ripe for disposition.

   Mr. Sullivan seeks to have the Final Judgment issued against him five years ago set aside, claiming that he never received notice and the Court lacks personal jurisdiction After the Net

1

Winner Class in this case was certified, this Court entered a Process Order designed to (1) provide Net Winners with notice that they were members of the Net Winner class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings. *See* Doc. No. 153 at 2. The Process Order required the Receiver to provide notice to all persons that he believed were part of the Net Winner Class with notice "by email to the email address provided by the net winner in connection with any account" with ZeekRewards "as well as any other email address that has been provided by the net winner." *Id.* at 2, ¶ 3. "In the event that the notice [could not] be delivered to any email address provided by the Net Winner," the Receiver was required to "send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings." *Id.* The Receiver was also required to "post a link on the Receivership website" that allowed Net Winners to access all this information. *Id*. All Net Winners were provided with an opportunity to contest their membership in the Net Winner class as well as the Receiver's calculation of their Net Winnings. *Id*. at 3, ¶ 5. The Fourth Circuit approved of the Process Order, concluding that it "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514, n. 8 (4th Cir. 2019).

Rule 60(b)(4) permits a "void" judgment to be set aside upon a showing of extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). This is an extremely high standard, and relief may be granted "only when there is a total want of jurisdiction and no arguable basis on which [the court] could

have rested a finding that it had jurisdiction." *Id.* (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

In a defendant class action, neither personal service nor actual notice to members of the defendant class is required. *In re Integra Realty Resources, Inc*., 262 F.3d 1089, 1110 (10th Cir. 2001) ("the standard governing" due process in a defendant class action "is not actual notice to each party intended to be bound by the adjudication of a representative action"). Instead, the court in a defendant class action must ensure that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 313-14 (1950)).

Here, the Court required the Receiver to effect notice in three separate ways: via email, via mail, and via the receivership website. The Fourth Circuit affirmed this approach, holding that it "provided a process by which damages could be individually challenged and litigated." *Bell*, 922 F.3d at 514 n.8. It is undisputed that the Receiver complied with the Process Order. By all measures, this was an effort to provide notice that was "reasonably calculated, under all the circumstances," to apprise Sullivan of the proceedings and provide him an opportunity to present evidence concerning the claims he now seeks to make. *Integra*, 262 F.3d at 1110. As the Fourth Circuit recognized, these procedures satisfied due process requirements. *Bell*, 922 F.3d at 511 n.3, 514 n.8.

Sullivan next argues that the Court lacks personal jurisdiction over him. this Court entered a final judgment against Sullivan, after notice, as a member of a certified defendant Net Winner class. Courts throughout the country have held that a showing of personal jurisdiction as to every class member is not necessary, so long as other procedural safeguards regarding notice

were adhered to. *See*, *e.g. National Fair Housing Alliance v. A.G. Spanos Const., Inc*., 542 F. Supp. 2d 1054, 1065 (N.D. Cal. 2008) ("it is well settled that jurisdiction is not needed over absent members of a defendant class"); *U.S. v. Trucking Emp., Inc*., 72 F.R.D. 98, 99–100 (D.D.C. 1976); *In re Integra Realty Resources, Inc*., 354 F.3d 1246, 1261, 1265, (10th Cir. 2004); *Weinman v. Fidelity Capital Appreciation Fund*, 2008 WL 753958 *5 (N.D. Ill. 2008). The Fourth Circuit further approved class certification in this case. *See Bell*, 922 F.3d at 512.

Lastly, Mr. Sullivan argues that the appointment of class counsel was without his consent and the order appointing class counsel to represent him should be stricken. In *Bell v. Brockett*, the Fourth Circuit declined to reverse this Court's appointment of class counsel, despite this Court having erred in failing to comply with Fed. R. Civ. P. 23. 922 F.3d at 514. Accordingly, Mr. Sullivan is bound by the judgment herein.

IT IS THEREFORE ORDERED that the Motion to Set Aside Judgment (Doc No. 1582) is hereby DENIED.

Signed: July 20, 2022

Graham C. Mullen
United States District Judge