IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NATIONWIDE JUDGMENT RECOVERY, INC., as successor in Interest to the Final Judgments entered against Net Winners,<br>                Plaintiff,<br><br>vs.<br><br>TODD DISNER, in his individual capacity and in his capacity as trustee for Kestrel Spendthrift Trust; TRUDY GILMOND; TRUDY GILMOND, LLC; JERRY NAPIER; DARREN MILLER; RHONDA GATES; DAVID SORRELLS; INNOVATION MARKETING, LLC; AARON ANDREWS; SHARA ANDREWS; GLOBAL INTERNET FORMULA, INC.; T. LEMONT SILVER; KAREN SILVER; MICHAEL VAN LEEUWEN; DURANT BROCKETT; DAVID KETTNER; MARY KETTNER; P.A.W.S. CAPITAL MANAGEMENT LLC; LORI JEAN WEBER; and a Defendant Class of Net Winners in ZEEKREWARDS.COM;<br><br>                Defendants. | No. 3:14-cv-91<br>ORDER |

      This matter is before the Court upon Net Winner Sandy Alexander's pro se "Motion for Cancel Judgment. (Doc No. 2027).

      In her Motion, Ms. Alexander appears to contend that she should not have been considered a "Net Winner." After the Net Winner class in this case was certified, this Court entered a Process Order designed to (1) provide Net Winners with notice that they were members of the Net Winner class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings. *See* Doc. No. 153 at 2. The Process Order required the Receiver to provide notice to all persons that he believed were part of the Net Winner Class with notice "by email to the email address provided by the net winner in connection with any account" with

1

ZeekRewards "as well as any other email address that has been provided by the net winner." *Id*. at 2, ¶ 3. "In the event that the notice [could not] be delivered to any email address provided by the Net Winner," the Receiver was required to "send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings." *Id*. The Receiver was also required to "post a link on the Receivership website" that allowed Net Winners to access all this information. *Id.* All Net Winners were provided with an opportunity to contest their membership in the Net Winner class as well as the Receiver's calculation of their Net Winnings. *Id*. at 3, ¶ 5. The Fourth Circuit approved of the Process Order, concluding that it "provided a process by which damages could be individually challenged and litigated." *Bell v. Brockett*, 922 F.3d 502, 514, n. 8 (4th Cir. 2019).

A motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure must be made within a reasonable time, the movant must have a meritorious claim or defense, and the opposing party must not be unfairly prejudiced by having the judgment set aside. *Unites States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). The Court finds that Ms. Alexander has failed to move for relief within a reasonable time. The Final Judgment was entered nearly five years ago. Moreover, Ms. Alexander's only argument is that she was an "employee" of ZeekRewards and was not involved in management. She does not deny making "roughly $32,000" over the time she "worked" for ZeekRewards. Accordingly,

IT IS THEREFORE ORDERED that Ms. Alexander's pro se "Motion for Cancel Judgment" (Doc No. 2027) is hereby DENIED.

Signed: June 20, 2023

Graham C. Mullen
United States District Judge