IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
3:14CV91-GCM

MATTHEW E. ORSO, in his capacity as )
Court-appointed Receiver for Rex Venture Group, )
LLC d/b/a ZeekRewards.com, and NATIONWIDE )
JUDGMENT RECOVERY INC., a successor in )
Interest to the Final Judgments entered against )
Net Winners, )
                                               )
      Plaintiff, )
                                               )
Vs. )      ORDER
                                               )
A Defendant Class of Net Winners in )
ZEEKREWARDS.COM, )
                                               )
      Defendants. )
_____)

This mater is before the Court upon Motion by Alycia Jarvis to Set Aside Judgment, to Order Repayment of Funds Improperly Seized, and to Sanction Nationwide Judgment Recovery Inc., filed January 2, 2024. (Doc. No. 2254). Plaintiff Nationwide Judgment Recovery Inc. has failed to file a response in opposition, and the time for doing so has expired.

**FACTUAL BACKGROUND**

On August 17, 2012, the Securities and Exchange Commission filed a Complaint in the Western District of North Carolina against Rex Venture Group, LLC d/b/a ZeekRewards.com ("RVG") and Paul R. Burks (the "SEC Action"), alleging that RVG and Burks fraudulently offered and sold securities in an unregistered offering as part of a combined Ponzi and pyramid scheme. *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a ZEEKREWARDS.COM, et. al.*, No. 3:12-cv-519 (W.D.N.C. Aug. 17, 2012). A receiver was

appointed in the SEC Action for and over the assets, rights, and all other interests of the estate of RVG. Compl., ¶ 5.

On February 28, 2014, the Receiver for RVG filed the Complaint in the present action against several individual entities including a Defendant Class of Net Winners of ZeekRewards.com. Doc. No. 1. The Defendant Net Winner Class was defined as participant[s] in ZeekRewards who received more money from RVG/ZeekRewards (as "profit payments," "commissions," "bonuses" or any other payments) than was paid in to RVG/ZeekRewards for the purchase of "bids," monthly "subscriptions," "memberships," or other fees. Compl., ¶¶ 39-40. Because the members of the Net Winner Class were so numerous, the individuals were not joined in the lawsuit, but were alleged to have "voluntarily participated in the ZeekRewards scheme as affiliates." *Id*. at ¶¶ 42, 45. At the time the Complaint was filed, the Receiver estimated that there were approximately 9,000 Net Winner Class members. *Id*. at ¶ 42.

After the Net Winner Class was certified, this Court entered a Process Order designed to (1) provide Net Winners with notice that they were members of the Net Winner Class; and (2) to provide Net Winners with the opportunity to contest the amount of their winnings. *See* Doc. No. 153 at 2. The Process Order required the Receiver to provide notice to all persons that he believed were part of the Net Winner Class with notice "by email to the email address provided by the net winner in connection with any account" with ZeekRewards "as well as any other email address that has been provided by the net winner." *Id.* at 2, ¶ 3. "In the event that the notice [could not] be delivered to any email address provided by the Net Winner," the Receiver was required to "send a letter to the last known physical address of the Net Winner informing the Net Winner of the proceedings and the availability of the amount of his or her Net Winnings." *Id*.

The Receiver was also required to "post a link on the Receivership website" that allowed Net Winners to access all this information. *Id*.

On August 14, 2017, this Court entered Final Judgment Against Certain Net Winner Class Members, one of which was identified as Ms. Jarvis. Doc. Nos. 179, 179-1, 179-2, p. 143. The Court entered judgment against Ms. Jarvis for $6,993.51 ("Judgment"). In December of 2019, the Final Judgment was purchased by and assigned to Nationwide Judgment Recovery, Inc. ("NJR").

On March 5, 2021, Jeffrey Parrella, attorney for NJR, filed and served a Restraining Notice on Garnishee in the Supreme Court of Kings County New York. Doc. No. 2254-6. Mr. Parrella attempted service of the notice to Ms. Jarvis at 942 55th Street 1FL, Brooklyn NY 11219. *Id*. Ms. Jarvis claims that she does not, and has never, lived at the address where the service was attempted. Ms. Jarvis' correct address at the time was 666 Pelham Road, Apartment 2 G, New Rochelle, NY, where she had lived for over 22 years. Doc. No. 2254-2, Decl. of A. Jarvis, ¶ 1.

On March 11, 2021, Chase Bank sent a notice to Ms. Jarvis stating that her account ending x6401 was subject to a hold for the Judgment. *Id*.; Doc. No. 2254-6. Ms. Jarvis' receipt of this notice from Chase Bank was her first notice of the lawsuit and Judgment. Decl. of A. Jarvis, ¶ 4. Ms. Jarvis had never heard of ZeekRewards and had never participated in any ZeekReward program. *Id.* at ¶ 2. Ms. Jarvis never received any funds from ZeekRewards or anyone associated with it. *Id*. Accordingly, on April 21, 2021, Ms. Jarvis filed a police report indicating that she had been a victim of identity theft, resulting in the Judgment and garnishment. *Id*. at ¶ 5; Doc. No. 2254-7.

3

On April 23, 2021, Ms. Jarvis' counsel sent a letter to the attorney for NJR, explaining that Ms. Jarvis was never an investor or member of ZeekRewards, had never had a Brooklyn mailing address, and never received any notice of the underlying action or final judgment. Decl. of A. Jarvis, ¶ 6; Doc. No. 2254-5. Moreover, the letter attached a police report filed by Ms. Jarvis asserting that she is a victim of identity theft. Doc. No. 2254-5. NJR responded by providing minimal information on a credit card that was used to sign up on the ZeekRewards site in February of 2012. Decl. of A. Jarvis, ¶ 7; Doc. No. 2254-8. The credit card at issue listed the Brooklyn address, that was not, nor had ever been, Ms. Jarvis' address. Decl. of A. Jarvis, ¶ 9. Ms. Jarvis claims that she was unable to find any credit card records for the time period when her card was used to sign up for ZeekRewards because the records were over 9 years old. Decl. of A. Jarvis, ¶ 8.

On August 21, 2021, NJR removed $7,711.32 from Ms. Jarvis' Chase account, but thereafter failed to file a satisfaction of judgment for over 2 years. *Id.* at ¶¶ 10, 11.

On May 3, 2023, NJR filed a garnishment hold on another account owned by Ms. Jarvis at Municipal Credit Union. *Id.* at ¶ 12; Doc. No. 2254-3. Although Ms. Jarvis called the office of NJR's counsel to give notice of the continued collection of a judgment that had been paid in full, she never received a return phone call. Decl. of A. Jarvis, ¶ 13. On October 16 and October 30, counsel for Ms. Jarvis gave notice of the new collection effort to NJR's counsel and demanded that the hold be released and NJR file a satisfaction of judgment. *Id.* at ¶ 14; Doc. No. 2254-4. NJR finally filed a satisfaction of judgment and released the garnishment on November 22, 2023. *See* Doc. No. 2230.

Ms. Jarvis now seeks to (1) to set aside judgment against her pursuant to Rule 60 of the Federal Rules of Civil Procedure, (2) to order repayment by Nationwide Judgment Recovery of

4

funds improperly seized, and (3) to sanction Nationwide Judgment Recovery for failure to file a satisfaction of judgment and for issuing collection process against a satisfied judgment. As noted, NJR had failed to oppose this motion.

**DISCUSSION**

Rule 60(b)(6) of the Federal Rules of Civil Procedure authorizes the Court to relieve a party from final judgment for "any other reason that justifies relief." It is a catchall provision that may be invoked in "extraordinary circumstances" when the reason for relief does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5), and it includes "few textual limitations." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). The motion for relief must be made within a reasonable time, the movant must have a meritorious claim or defense, and the opposing party must not be unfairly prejudiced by having the judgment set aside. *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).

The Court finds that Ms. Jarvis has presented a case of extraordinary circumstances to justify Rule 60(b)(6) relief. Thus, the Court must next determine whether Ms. Jarvis' motion is timely, whether she has a meritorious defense, and whether NJR would be unfairly prejudiced by having the judgment set aside.

Although the movant bears the burden of showing timeliness, there is no fixed time period. *See Bridges v. United States*, No. 1:09-cv-00004, 2013 U.S. Dist. LEXIS 205559, at *7-8 (M.D.N.C. May 2, 2013). The determination of what constitutes reasonableness, "will generally depend on the facts of each case." *Id.* at * 8 (quoting *Molinary v. Powell Mountain Coal Co., Inc.*, 76 F. Supp. 2d 695, 705 (W.D. Va. 1999) (noting a major consideration is whether the movant had a good reason for failing to act sooner)).

5

When Ms. Jarvis first became aware of the judgment in March, 2021, she promptly filed a police report and hired counsel. However, Ms. Jarvis was unable to find reliable information about the judgment and NJR's counsel failed to provide enough meaningful information about the claim so that she could take action. Moreover, the age of the claim made finding more information impossible, as the credit card records were not available from the time period at issue. In addition, the costs of obtaining counsel, investigating the claim, filing a motion to set aside the judgment, and traveling for a hearing from New York to North Carolina would likely amount to more than the judgment itself.

NJR filed its second garnishment against Ms. Jarvis' account on May 23, 2023. Fearing that the collection efforts would never stop, Ms. Jarvis determined that the costs of pursuing a motion to set aside the judgment were unavoidable. After calling NJR's counsel and receiving no response, she sought to hire North Carolina counsel. North Carolina counsel did not fare much better, making several email inquiries but receiving no response until the filing of the judgment satisfaction on November 20, 2023. The Court finds that under the facts of this case Ms. Jarvis's motion was filed within a reasonable time.

The Court also finds that Ms. Jarvis has a meritorious defense. A meritorious defense requires a proffer of evidence which would permit a finding for the movant. *See La Michoacana Nat., LLC v. Maestre*, No. 3:17-cv-00727-RJC-DCK, 2020 U.S. Dist. LEXIS 42951, at *9 (W.D.N.C. Mar. 12, 2020) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808 812 (4th Cir. 1988)). The movant does not have to prove conclusively that she would prevail, only that there is sufficient evidence to permit a court to find in her favor. *Id.* at *10 (citing *H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 253 (D. Md. 2000)). This Court has previously determined that identity theft can form a sufficient basis to set aside a

judgment under Rule 60(b)(6). *See* Order on Vladimir Krepets' pro se Motion to Set Aside Judgment (July 11, 2022) (Doc. No. 1774) and Findings of Fact and Conclusions of Law granting Lulu Yang's Motion to Set Aside Judgment (August 5, 2022) (Doc. No. 1783) (evaluating motions under Rule 60(b)(6) for claims of identity theft).

Ms. Jarvis has made a showing that she was the victim of identity theft and was not the person who created an account with ZeekRewards. The account was created without her knowledge, and she never received the proceeds from the account. Upon discovering the judgment, she promptly filed a police report. Importantly, NJR has not filed a response challenging any of Ms. Jarvis' assertions of identity theft.

Lastly, NJR cannot be prejudiced if the Court were to set aside a judgment that was not valid in the first place. As an assignee, NJR only has the same rights that the Receiver would have had to collect from Ms. Jarvis. *See Collins v. First Fin. Servs., Inc.*, No. 7:14-CV-288-FL, 2016 WL 589688, at *14 (E.D.N.C. Feb. 10, 2016) (citing *Credigy Receivables, Inc. v. Whittington*, 689 S.E.2d 889, 893-94 (N.C. Ct. App. 2010)). Because the Receiver did not have a valid judgment against Ms. Jarvis, NJR likewise does not have a valid judgment against her.

Extraordinary circumstances exist such that the judgment against Ms. Jarvis should be set aside. Ms. Jarvis contends that in addition to setting aside the judgment, the Court should sanction NJR for its failure to file a satisfaction of judgment and its continuation of the collection process despite the fact that the judgment had been satisfied. In addition to setting aside the judgment under Rule 60, this Court has the inherent authority to sanction parties who act in bad faith or vexatiously. A court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). There is no evidence here that NJR acted in bad faith, vexatiously, wantonly, or for

7

oppressive reasons or that its actions resulted from anything other than a clerical error. Accordingly, the Court will not sanction NJR.

IT IS THEREFORE ORDERED that the Motion by Alycia Jarvis to Set Aside Judgment, to Order Repayment of Funds Improperly Seized, and to Sanction Nationwide Judgment Recovery Inc. is hereby GRANTED IN PART AND DENIED IN PART. The judgment against Alycia Jarvis is hereby set aside, and NJR is ordered to repay all amounts collected on this judgment within thirty (30) days.

Signed: February 14, 2024

Graham C. Mullen
United States District Judge